PEOPLE OF THE TERRITORY OF UTAH, Respond-
ENT, v. ROY WRIGHT, Appellant.

1. INDICTMENT.—ALLEGATION AS TO TIME.—CHARGE TO JURY.— An
indictment for grand larceny alleged that the property was
stolen on the third day of the month, but there was evidence
before the jury tending to show that it was stolen on the
fourth day. 2 Comp. Laws 1888, § 4934, provides " the pre-
cise time at which the offense was committed need not be
stated in the indictment, * * * except where the time
is a material ingredient in the offense." The court charged
the jury that " the exact time when the offense was com-
mitted is not material if it was committed within four years
of the time when the indictment was found against the defend-
ant." *Held*, that the charge was not improper or misleading
under the evidence, and not prejudicial to the defendant,
inasmuch as the jury must have been convinced beyond a
reasonable doubt that he did the act charged and that it was
not in effect a direction to disregard defendant's proof of an
*alibi* on the third day of the month.

2. GRAND LARCENY.—EVIDENCE SUFFICIENT TO SUPPORT VERDICT.
—On the prosecution for grand larceny for stealing a bicycle
which was identified as the property of one E., by having a
broken handle and a step off, the evidence showed that at
about the date it was stolen the defendant had in his posses-
sion a bicycle with a broken handle and a step off which
was afterwards found in a wood-shed on the premises
occupied by defendant, his father and his grandmother alone,
and that at the same time another bicycle which had been
seen in defendant's possession a few days before was likewise
found in a barn adjoining the same premises. It also appeared
that defendant had before been convicted of grand larceny.
*Held*, that the jury were justified in finding the defendant
guilty and that the evidence was ample to support the verdict.

(No. 546. Decided January 21, 1895. 39 P. R. 477.)

APPEAL from the District Court of the Third Judicial
District. Hon. George W. Bartch, *Judge*.

Roy Wright, convicted of grand larceny for stealing a bicycle, appeals from the judgment rendered and from an order denying a new trial. *Affirmed.*

*Messrs. Booth, Lee & Gray,* for appellant.

Appellant contends that the court erred in charging the jury that " the exact time when the offense was committed is not material," for the reason that the indictment and the proof correspond as to the time when the bicycle was stolen, to wit, on the 3rd day of April, 1894. Appellant clearly proved an *alibi* on this day, and the charge was clearly a direction to the jury to disregard his proof of an *alibi.* The instruction was misleading, as there was nothing in the evidence calling for such an instruction. If the proof as to the commission of the crime had been different from that stated in the indictment, a similar charge might have been proper. The evidence is insufficient to justify the verdict and judgment. There is no evidence tending to show that he stole the bicycle or ever had it in his possession. The evidence simply shows it was found on his father's premises. To justify the inference of guilt from the possession of stolen property, it must appear that the possession was personal. The bare fact that stolen hides were found in defendant's barn, which was open to all, affords no presumption of his guilt, and until his declaration of ignorance is shown to be false, he is not bound to explain how they came there. *People* v. *Hurley,* 60 Cal. 74, 44 Am. Rep. 55. Possession of stolen property to constitute theft must be personal, recent, unexplained and involve a distinct and conscious assertion of claim by the possessor. *Lehman* v. *State,* 51 Am. Rep. 298.

*Mr. J. T. Richards,* Assistant U. S. Attorney, for respondent.

SMITH, J.:

The defendant in this case was convicted of the crime of grand larceny on the 28th day of September, 1894. He subsequently moved for a new trial, which was denied,. and was sentenced to the penitentiary for the period of 18 months. It is charged in the indictment that the defendant feloniously stole one Union bicycle, of the value of $75, of the personal property of David T. Edwards, on the 3d day of April, 1894, in Salt Lake county. Two errors are assigned on this appeal: First, that the court erred in its charge to the jury, the particular portion of the charge to which exception is taken being the following language: "The exact time when the offense was committed is not material if it was committed at any time within four years of the time when the indictment was found against the defendant." The second error assigned is that the evidence is insufficient to justify the verdict,. and that a new trial should have been granted.

As to the error of law to be relied upon, it is quite difficult for us to comprehend how it could have prejudiced the defendant, or why it was erroneous in any sense or any view of the case. Section 4934 of the Compiled Laws provides: "The precise time at which the offense was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense." It is not claimed that time is a material ingredient in this charge against. the defendant. The charge is that he stole the bicycle, but it is claimed that the proof corresponds with the charge in the indictment, to wit, that the bicycle was. stolen on the 3d day of April, 1894; and it is claimed that the defendant proved an *alibi* on that date, and that, therefore, the charge was prejudicial. Inasmuch as the

jury must have been convinced beyond a reasonable doubt that the defendant actually did the act charged against him, it is impossible to see how the instruction of the court that the precise time was not material can be construed into a direction that they may disregard his proof of an *alibi*. But there is another reason in this case why this instruction was not only not misleading or improper, but was requisite and necessary, under the evidence in the case. There was evidence before the jury tending to show the bicycle was stolen on the 4th day of April, instead of the 3d. Under such circumstances, it would appear there could be no question but that the instruction given was a proper one.

The next question urged is that the evidence is insufficient to justify the finding of guilty. We have examined the evidence as set forth in the bill of exceptions fully and carefully, and, after such investigation, we are unable to see how a trial jury could have arrived at any other conclusion than the one at which they did arrive in regard to the facts in the case. There was no question but that the bicycle was stolen. It was a peculiar bicycle; had distinctive marks upon it, to wit, it had the handle broken and a step off. At about the date it was stolen, the defendant had in his possession a bicycle with the handle broken and with the step off. Two or three days later, the bicycle was found at the defendant's place of residence; in a woodshed back of the house. It was thoroughly identified as belonging to Edwards. No one lived at the place where the bicycle was found, except the defendant, his father, and his grandmother. At the same time another stolen bicycle, which had been seen in the possession of the defendant, and which he had been using a few days prior, was found in a barn adjoining the same premises where he lived. The defendant, in his own testimony in

his defense, claimed to know nothing about how the bicycle of Edwards came to be upon the premises; but, as to the other stolen bicycle found in the adjoining barn, he admitted that he had possession of it, and had put it up in the loft. He claimed that it had been loaned to him by one Wilkersen, whom he had casually met traveling from Nevada to Utah; that Wilkersen loaned it to him upon the street a few days previous to the time of his arrest, and, so far as the evidence showed, had never called for it. It was shown to be stolen property beyond a question. It also appeared in evidence that the defendant had been convicted of grand larceny at a previous time, which must have been considered by the jury in weighing his testimony. Under these facts, which are stated as fairly for the defendant as the record will warrant, it would. have been strange if the jury had found otherwise than they did. We think the evidence was ample to support the verdict; that the conviction was right; and that the judgment and order denying a new trial should be affirmed; and it is so ordered.

MERRITT, C. J., and KING, J., concur.