STATE OF UTAH, RESPONDENT *v.* CHRISTOPHER HILBERG, APPELLANT.

| 22 | 27 |
| f22 | 256 |
| 22 | 27 |
| h23 | 331 |
| 23 | 543 |
| 22 | 27 |
| f31 | 233 |

INFORMATION — OFFENSE HOW CHARGED UNDER SECS. 4730 AND 4732 R. S. 1898 — CRIMINAL PROCEDURE — SPECIFIC OFFENSE CHARGED — EVIDENCE OF OTHER OFFENSES — GENERAL RULE — EXCEPTIONS—SEVERAL OFFENSES PROVEN—ELECTION—BY OPERATION OF LAW—EVIDENCE OF SUBSEQUENT OFFENSES—INADMISSIBLE—IMPEACHMENT—INQUIRY CONFINED TO GENERAL REPUTATION—CHASTITY—NOT AN ISSUE—IN PROSECUTION FOR INTERCOURSE WITH FEMALE UNDER AGE OF CONSENT—WHEN PARTICIPANT IN CRIME NOT AN ACCOMPLICE—CORROBORATION.

*Information—Offense How Charged Under Secs. 4730 and 4732 R. S. 1898.*

Under Secs. 4730 and 4732 R. S. 1898, the information in a criminal proceeding must be direct and certain as regards the offense charged.

*Criminal Procedure—Specific Offense Charged—Evidence of Other Offenses—General Rule—Exceptions.*

A general rule in criminal cases, subject however to exceptions, is that where one specific offense is charged, the commission of other offenses cannot be proven for the purpose of showing that the defendant would have been more likely to have committed the offense for which he was on trial, nor as corrobor-

ating the testimony relating thereto; but where the offense consists of illicit intercourse between the sexes, evidence of previous acts or improper familiarity between the parties, occurring prior to the offense alleged is admissible as explaining the acts, and as having a tendency to render it more probable that the act charged was committed, though evidence of such acts would be inadmissible as independent testimony.

*Several Offenses Proven—Election—By Operation of Law—Evidence of Subsequent Offenses—Inadmissible.*

In a prosecution under the statute for unlawfully and carnally knowing a female over the age of 13 years and under the age of 18 years, where but a single offense is charged, and on the trial six different offenses are proven, four of them prior to the offense charged, and the prosecution fails to elect on which offense to stand, the law makes the election and chooses the first offense of which evidence is offered to secure a conviction, and no subsequent election could be made; nor could the prosecution prove any other act of the kind as a substantial offense upon which a conviction could be had. It could, however, prove intimacy and improper relations of the parties prior to the offense elected, but not afterwards, and if evidence of such subsequent acts is admitted it is error, for which a new trial will be granted.

*Impeachment—Inquiry Confined to General Reputation.*

In impeaching the character of a witness the inquiry must be confined to the general reputation in the locality referred to.[1]

*Chastity—Not An Issue—In Prosecution for Intercourse With Female Under Age of Consent — General Reputation for Chastity, Truth and Veracity.*

Where the crime charged is sexual intercourse with a prosecutrix under the age of consent, the intercourse constituted the offense whether she consented or not, and her good or bad character for chastity, as affecting the crime charged, was not in issue, but her general reputation for truth and veracity was.

---

[1] *State* v. *Marks*, 16 Utah, 204.

*When Participant in Crime Not an Accomplice—Corroboration.*

> Where a statute, fixing the age of consent, makes the male participant, in a violation of it, the only guilty party, the female, although consenting, is not liable to indictment for the offense charged; she is therefore not an accomplice and her evidence does not need corroboration, under Sec. 4862, R. S. 1898.

*Consent Under Sec. 4221, R. S. 1898.*

> Sexual intercourse constitutes the offense named in Sec. 4221, R. S. 1898, even if the prosecutrix consented to the act.

> In prosecutions under Sec. 4221, great care should be exercised in eliciting the truth from the witness, so that innocent parties may not be punished.

*Evidence—Of Subsequent Acts—When Admissible in Criminal Prosecutions.*

> Per BARTCH, C. J., dissenting. Where there is a continuation of the relation of intimacy and illicit intercourse between the parties to the offense, evidence of improper familiarity and adulterous acts both before and after the charged is admissible.

(Decided May 3, 1900).

Appeal from the Third District Court, Salt Lake county; HON. A. G. NORRELL, *Judge.*

Appellant was convicted under section 4221 R. S. 1898, which provides "any person who shall carnally know any female over the age of 13 years and under the age of 18 years, shall be guilty of felony." From the judgment, and sentence of conviction, defendant appeals. *Reversed.*

*Daniel Harrington, Esq.,* and *Alviras E. Snow Esq.,* for appellant.

"Where a specific offense is charged, the indictment cannot be sustained by proof of the second offense, even on the same day. This results from the general principle,

that offenses collateral to the one charged cannot be received, and that the issues should be single.   Wharton's Criminal Evidence, (9th ed. section 104, and cases cited.) *Commonwealth* v. *Dean*, 109 Mass. 349; *Baker* v. *People*, 105 Ill. 452.

The defendant's plea of not guilty in this case, put in issue every ingredient of evidence that the State must prove; surely then the jury should have been permitted to know whether this girl's character for chastity was good or bad, as this would clearly affect her credibility, and would have given the defendant the benefit of the doubt, if any doubt appeared as to the paternity of the child, and as to the author of the girl's original troubles.   On this question we cite the following authorities:   *U. S.* v. *Briedmeyer*, 6 Utah 143; 3d Greenleaf on Evidence, (14 ed.) p. 30, note (b); 1 Thompson on Trial, Section 525.

The third class of error in this case was in the refusal of the court in not instructing the jury, as requested by defendant, that the prosecutrix should be corroborated by other affirmative evidence.   Rice on Criminal Evidence, 3 Vol. p. 530.   Section 522, and cases cited; Ib. p. 831; Wharton on Criminal Evidence, Section 273.

*Hon. A. C. Bishop*, Attorney General, for the State.

"The first assignment of error to be considered, is based upon the admission of testimony offered on behalf of the State, tending to show other and distinct offenses committed by appellant with the prosecutrix, from that laid in the information.

For a full discussion of this subject, see Underhill on Criminal Evidence, Chap. 8, Secs. 87 to 92 inclusive, and authorities therein cited.   In *Callison* v. *State*, 39 S. W. 300 (Texas Crim. Ct. of App.); *Hamilton* v. *State*, 37 S. W. 431 (Texas Crim. Ct. of App.); *Commonwealth* v.

*Bell,* 31 Atl. Rep. 123 (Sup. Ct. Penn. Feb., 1895.)

See also 2 Greenleaf on Ev. (2d ed.) Sec. 47; 1 Am. & Eng. Ency. Law, p. 214; 10 Am. & Eng. Ency. Law, p. 344.

To set at rest any doubt as to what the rule in this class of cases is, as announced by the highest courts of several of the states, we herewith submit the following authorities: *Cross* v. *State,* 78 Ala. 430; *Brivaldo* v. *State,* 21 Fla. 789; *State* v. *Marvin,* 35 N. H. 22; *Commonwealth* v. *Nichols,* 114 Mass. 285; *State* v. *Way,* 5 Neb. 283; *Burnett* v. *State,* (Tex.) 22 S. W. 47; *People* v. *Patterson,* 102 Cal. 239; *Proper* v. *State,* 85 Wisc. 615; *State* v. *Markins,* 95 Ind. 464; *Lefforge* v. *State,* 129 Ind. 551; *People* v. *Jenness,* 5 Mich. 1305; *People* v. *Davis,* 52 Mich. 569; Underhill on Crim. Evi. Sec. 381.

The second assignment goes to the refusal of the court to admit testimony offered by the defendant tending to show general reputation of prosecutrix for unchastity.

This question has been presented to this court during the present term, in the case of *State* v. *Williamson,* and we deem it sufficient in reply to this assignment, to refer to the authorities therein cited: *People* v. *Johnson,* 106 Cal. 298 (39 Pac. 622); *People* v. *Glover,* 71 Mich. 303; *State* v. *Duffy,* 128 Mo. 549.

See also the following additional authorities: *State* v. *Eberline,* (Kan.) 27 p. 839; 3 Am. & Eng. Ency. Law, 117, and cases cited.

And also the following cases, which distinguish the rule regarding the admissibility of this class of testimony in cases of this kind from cases in which rape has been charged. *People* v. *Abbott,* 19 Wend. 192; *O'Bemis* v. *State,* 27 N. J. Law, 279; *Lawson* v. *State,* 17 Tex. Crim. Ct. App. 302.

Appellant's third and fourth classifications of errors,

based upon the refusal of the court to instruct the jury that the prosecutrix should be corroborated, and also that her failure to make immediate complaint or outcry within a reasonable time, had a tendency to discredit her testimony, involve the same general principles and may be considered together.

These questions were also considered in the brief filed on behalf of the State at the present term in the case of *State v. Williamson, supra.* Bouvier's Law., Dict. (Ned. ed.) Vol. I, p. 21; *House v. State*, 16 Criminal Ct. App. 25; *People v. Bolanger*, 71 Cal. 19; *Clapp v. State*, 94 Tenn. 186; *State v. Roberts*, 15 Or. 197; *State v. Light*, 17 Or. 306; Wharton Crim. Ev. (9th ed.), Sec. 440.

MINER, J.

The defendant was charged with having had unlawful sexual intercourse with one Anna Ward, a female over the age of 13 and under the age of 18 years, at Salt Lake City, on the 15th day of February, 1898. Upon the trial the prosecutrix was permitted, under objection, so testify to the first act of sexual intercourse as having occurred in April, 1897, about 11 months before the act charged in the information, and subsequently, under objection, she was permitted to testify to five several and distinct acts of sexual intercourse occurring thereafter during the years 1897 and 1898. The last act occurred in April, 1898, two months after the act charged in the information. The defendant moved to strike out the testimony showing the several acts charged in the information, but the motion was denied.

Sec. 4221, Rev. Stat., 1898, under which the information in this case was filed, provides, that, "Any person who shall carnally or unlawfully know any female over

the age of 13 years and under the age of 18 years shall be deemed guilty of a felony."

Under Secs. 4730 and 4732, Rev. Stat. 1898, the information must be direct and certain as regards the offense charged, and as to the statement of the acts constituting the offense.

The information in this case contained but one count alleging the commission of the act on a day specified. The trial court permitted the prosecution to introduce six distinct acts or crimes to be shown in evidence before the jury as having occurred in 1897 and 1898, during a period of 14 months, without requiring any election to be made, and allowed the case to go to the jury upon all the several acts of sexual intercourse shown, when only one act was or could be charged against the defendant. Such a course was calculated to confound, distract and confuse the defendant in his defense. He was expected to meet one charge at a specified time, but was required to defend against and meet six different acts occurring during a period of 14 months, upon one of which the jury was asked to convict. Whether the jury united in a verdict upon each act, or some on one and others on another of the acts proved is problematical. The course pursued subjected the defendant to the risk of conviction upon six charges, occurring at different times and places, against which he could not be expected to be prepared to defend, and yet a conviction or acquital upon one would be no bar to a future prosecution on any except the first act shown.

No jury should be set to fishing or hunting for a charge which they are called upon to try. Such a course deprived the defendant of a fair trial, and compelled him, without warning, to defend against acts of which he had no notice. Manifestly, he could not be prepared to meet

22 Utah—3.

such confusing charges not contained in the information.

The general rule in criminal cases subject to exceptions, is well settled that where one specific offense is charged, the commission of other offenses cannot be proven for the purpose of showing that the defendant would have been more likely to have committed the offense for which he was on trial, nor as corroborating the testimony relating thereto; but where the offense consists of illicit intercourse between the sexes, such as is charged here, or in case of incest, adultery or seduction, courts have relaxed the rule and hold that previous acts of improper familiarity between the parties, occurring prior to the alleged offense, were admissible as explaining the acts, and as having a tendency to render it more probable that the act charged in the information was committed, though such acts would be inadmissible as independent testimony. *Lawson* v. *State*, 20 Ala. 65; *State* v. *Wallace*, 9 N. H. 517; 2 Starkie on Evidence, 440; *Commonwealth* v. *Merriam*, 14 Pick. 518; Wharton's Crim. Ev., Sec. 104; *People* v. *Jenness*, 5 Mich. 305; *People* v. *Clark*, 33 Mich. 111; Underhill on Crim. Ev., Secs. 92 and 87; 2 Greenleaf on Ev. (15 ed.) Sec. 47; *State* v. *Markins*, 95 Ind. 464.

Having determined that previous acts of intercourse are admissible, we are next called upon to determine which of the six acts constituted an offense upon which a conviction could be had.

The charge in the information was for a single act committed on the 15th day of February, 1898. The time stated was immaterial, and under well settled rules in criminal cases the prosecution, before evidence was introduced, could have selected any one of the criminal acts in proof, which occurred within the statute of limitations and the jurisdiction of the court, as the offense for which it would ask a conviction. The defendant could be con-

victed of but one criminal offense. Only one offense was charged, but six different offenses were proven. Any one of the acts selected by the prosecution, before the introduction of the evidence, would be as properly the act charged in the information as the other. Until the evidence of some act was given, the charge in the information was floating, uncertain and contingent, aimed as much at one act as at another, and in the absence of an election by the prosecution, it remained for the evidence to designate and point out the particular act intended, and upon which the prosecution would rely for a conviction. When evidence was introduced tending directly to the proof of one act, and for the purpose of securing a conviction upon it, from that moment that particular act became the act charged. No election having been made by the prosecution, the law made the election. What before this had been uncertain and contingent was now fixed and definite. This election having been thus made by proving the first act of intercourse as having taken place in April, 1897, no subsequent election could be made; nor could the prosecution prove any other act of the kind as a substantial offense upon which a conviction could be had; but it could prove the intimacy and improper relations of the parties prior to the acts shown in the month of April, 1897, but not afterwards. Where the information contains several counts charging distinct offenses, then it is competent and the duty of the prosecution to make its election at or before the close of its case.

The act of intercourse occurring in April, 1897, being the first act to which evidence was introduced, and the evidence being directly upon the offense charged, it became from that moment the only offense the jury were called upon to try.

This view was announced in the case of *People* v. *Jen-*

*ness*, 5 Mich. 305, which is one of the leading cases upon that subject, where incest was charged. The court, among other things said:

"The prosecutor having the right to select among all the acts of the kind which he could prove to have been committed between the parties, within the period alluded to, and within the jurisdiction, any one of those acts, before evidence had been introduced, was as properly the act charged in the information, as any other. In other words, until evidence of some such act had been given, the charge in the information was floating and contingent, aimed as much at one as another, and at no one act in particular; and it remained for the evidence to point the charge to the particular act intended. But when evidence had been introduced tending directly to the proof of one act, and for the purpose of procuring a conviction upon it, from that moment that particular act became the act charged. What had, till then, been floating and contingent, had now become certain and fixed. The prosecutor had made his election, and could not elect again; nor could he be allowed to prove any other act of the kind as a substantive offense upon which a conviction might be had in the cause. The information could be used as a drag-net only till the first act had been entangled in its meshes; every other act must be allowed to escape this throw of the net; and thenceforward the evidence must be aimed at this act. If others of the same kind lie in the same range, they can only be noticed for a secondary purpose, as they may be connected with or bear upon this."

In the case of *People* v. *Clark*, 33 Mich. 112, where seduction was charged in three counts, the court adopted and approved of this same rule. In delivering the opinion, concurred in by Judge Cooley, the court said:

"The act alleged to have been committed in the buggy,

in the town of Penfield, being the first to which evidence was introduced, was the only offense upon which the defendant could be tried; and if proof of subsequent acts were admissible at all, they could not be admitted as distinct offenses to go to the jury and upon which the defendant might be convicted. It was not necessary for the prosecution to expressly elect for which act they would try the defendant in order to bind them. The fact of their introducing evidence tending to prove a distinct, substantive offense was a sufficient election. In this case under the charge as given, there was no certainty whatever that the jurors all united upon the same act in finding the defendant guilty. Nor could the prosecution after having thus introduced evidence tending to show an offense committed in the town of Penfield, on the 28th of July, show subsequent acts as corroborating testimony, as they would have no such tendency. Proof of previous acts of sexual intercourse would tend to show a much greater probability of the commission of a similar act charged to have occurred subsequent thereto, but the converse of this proposition would not be true, as the proof of a crime committed by parties on a certain day could have no tendency to prove that they had, previous thereto, committed a similar offense."

In *Elm* v. *State*, 26 Ala. 48, it is held that after the state has offered evidence of one particular offense, it will be held to that election through the trial and cannot elect again.

In *Lovell* v. *State*, 12 Ind. 18, it is held that where an indictment contained a single count for incest, which was proved, the state cannot thereafter prove that the defendant had improper relations with the prosecutrix at any subsequent time.

In *People* v. *Hopson*, 1 Denio (N. Y.) 574, the same rule is laid down.

It necessarily follows that the testimony showing the several acts of intercourse subsequent to April, 1897, were improperly admitted, and the defendant was prejudiced thereby.

The defendant, in order to show the character of the prosecutrix, asked the following question: "Q. I will ask if you know what the reputation of Miss Ward was for chastity during the month of February, 1897, in that precinct?" The question was objected to and the answer excluded. The question was not properly framed. In impeaching the character of a witness the inquiry must be confined to the general reputation in the locality referred to. *State* v. *Marks*, 16 Utah, 204.

The prosecutrix was under the age of consent. Sexual intercourse with her constituted an offense under the statute, whether she consented or not. Her good or bad character for chastity, as affecting the crime charged against the defendant, was not in issue, although her general reputation for truth and veracity was. The testimony offered was incompetent. So, specific acts of unchastity on the part of the young woman were not admissible. *People* v. *Glover*, 71 Mich. 303; *People* v. *Abbott*, 97 Mich. 484; Underhill on Crim. Ev. Sec. 418.

Error is also assigned on the refusal of the court to instruct the jury that no conviction could be had on the testimony of an accomplice unless corroborated as provided in Section 4862 Rev. Stat. 1898.

Manifestly, if the prosecuting witness was an accomplice in the act, her testimony required corroboration before a conviction could be had thereon.

It appears that the witness knowingly and willingly consented to the act, but being under the age of consent

the law will not presume that she consented. As to the defendant she was incapable of consenting or forming a criminal intent to commit the act. The true test of her relation to the act would be, could she have been indicted for the offense charged, either as a principal or accessory? The statute under which the information was framed renders the male participant the only guilty party. That she could not be indicted for the offense charged renders her incapable of being an accomplice. It necessarily follows that although she participated in the act, this participation did not render her liable to an indictment for the offense charged, and therefore she was not an accomplice, and did not require corroboration.

The following cases bear upon this subject:

1 Am. & Eng. Ency. of Law, 390; *Commonwealth* v. *Wood,* 11 Gray, 85; *People* v. *Abbott*, 97 Mich. 484; 1 Bouvier Law Dictionary, p. 21; Wharton's Crim. Law, (9th ed.) 440.

We do not overlook the danger attending prosecutions under this act. The rules of law governing trials under this statute are more stringent and less flexible than those applicable in other criminal cases. An accusation under this statute is easily made. The offense, if committed, is generally in secret. The general character of the prosecutrix cannot be attacked. Specific acts of unchastity on her part cannot be shown. Her testimony as in many other cases where she may be an accomplice does not require corroboration in order to obtain full credit, and the woman who participates in the act is not criminally liable therefor. Under such circumstances the charge when made is hard to disprove and difficult to defend against no matter how innocent the accused may be. While the protection of the honor and chastity of young women is of paramount importance to the state and every effort should

be made to fully care for and protect it, yet in such prose-
cutions full latitude should be given the accused to dis-
cover the truth by cross-examination and otherwise, so as
to enable him to defend against any unjust accusation.

For the reasons given, the judgment of the district
court is reversed, and the case remanded with directions
to grant a new trial.

BASKIN, J., concurs.

BARTCH, C. J., dissenting.

I am unable to concur in reversing the judgment herein.
Where, as in this case, there is a continuation of the rela-
tion of intimacy and illicit intercourse between the parties
to the offense, evidence of improper familiarity and
adulterous acts both before and after the act charged
is admissible. Such evidence in received to prove the
adulterous disposition in the parties implicated. This ap-
pears to be the rule sanctioned by the weight of recent
authority. "At the time of the present writing," says Mr.
Bishop in his commentaries on Statutory Crimes, Sec. 682,
this doctrine—namely, that subsequent familiarities and
adulteries between the same parties, equally with the prior
ones, are admissible—may be deemed to be established in
all our courts, as respects alike the divorce suit and the
indictment."

So, in Whart. Crim. Ev., Sec. 35, it is said: "In prose-
cutions for adultery, or for illicit intercourse of any class,
evidence is admissible of sexual acts between the same
parties prior to, or, when indicating continuousness of illicit
relations, even subsequent to, the act specifically under
trial."

Likewise, in Underhill Crim. Ev. Sec. 381, the author
says: "Improper familiarities and adulterous acts between

the same parties prior, or subsequent to, the act charged, but not too remote, or, if remote, connected with it so as to form a part of a continuous course of conduct, may be shown for the purpose of bringing out the relations and adulterous disposition of the defendant."

In *State* v. *Witham*, 72 Me. 531, Mr. Justice Peters, speaking for the court said: "It is objected that this mode of trial involved the admission of evidence of acts of adultery happening both before and after the principal act complained of. Formerly, the criticism might have been regarded favorably in many courts. Laterally, however, courts and text-writers are rapidly falling in with the view, that acts prior and also subsequent to the act charged in the indictment, when indicating a continuousness of illicit intercourse, are admissible in evidence as showing the relation and mutual disposition of the parties; the reception of such evidence to be largely controlled by the judge who tries the case, and the evidence to be submitted to the jury with proper explanation of its purpose and effect. We think this doctrine is most in accordance with the logic of the law, and with the authorities."

So, in *People* v. *Hendricksen*, 53 Mich. 525, Mr. Justice Sherwood, with whom the other justices, among them Mr. Judge Cooley, concurred, said: "On the trial the prosecuting attorney was permitted to make proof of acts of familiarity and intimacy between the defendant and Mrs. Smith, which occurred over two years before the prosecution was commenced. Such acts, within a reasonable time before the acts complained of, and also occurring very soon thereafter, so long as they may be regarded as continuous, are competent and admissible testimony; but those occurring two years before the criminal act charged must be held too remote and it is error to admit them."

In *Thayer* v. *Thayer*, 101 Mass. 111, Mr. Justice Colt,

speaking for the court, said: " An adulterous disposition
existing in two persons towards each other is commonly
of gradual development; it must have some duration, and
does not suddenly subside.    When once shown to exist, a
strong inference arises that it has had and will have con-
tinuance, the duration and extent of which may be usually
measured by the power which it exercises over the con-
duct of the parties.    It is this character of permanency
which justifies the inference of its existence, at any par-
ticular point of time, from facts illustrating the preceding
or subsequent relations of the parties.    The rule is, that a
condition once proved is presumed to have been produced
by causes operating in the usual way, and to have con-
tinuance till the contrary be shown.    The limit practic-
ally, to the evidence under consideration is that it must be
sufficiently significant in character, and sufficiently near
in point of time, to have a tendency to lead the guarded
discretion of a reasonable and just man to a belief in the
existence of this important element in the fact to be
proved.'  If too remote or insignificant, it will be rejected,
in the discretion of the judge who tries the case.    The
fact that the conduct relied on has occurred since the filing
of the libel does not exclude it; and proof of the continu-
ance of the same questionable relations during the inter-
vening time, as in the case at bar, will add to its weight."
1 Am. & Eng. Ency. of Law (2d ed.), 754; Whart.
Crim. Ev. (8th ed.), Sec. 35; Whart. Crim. Law (8th
ed.), Sec. 1733; Bishop Stat. Crimes, Sec. 682; 2 Bishop
Mar., Div. and Sep., Sec. 1374; Underhill Crim. Ev. 381;
*Thayer* v. *Thayer*, 101 Mass. 111; *State* v. *Bridgman*,
49 Vt. 202; *State* v. *Williams*, 76 Me. 480; *People* v.
*Hendricksen*, 53 Mich. 525; *Burnett* v. *State*, 32 Texas,
Cr. Rep. 86; *The State* v. *Way*, 5 Neb. 283; *Common-
wealth* v. *Nichols*, 114 Mass. 285; *Callison* v. *State*, 39

S. W. R. 300; *Hamilton* v. *State*, 36 Texas Cr. Rep. 373; *State* v. *Stubbs*, 108 N. C. 774; *Beers* v. *Jackman*, 103 Mass. 192; *Baker* v. *United States*, 1 Pinney, 641; *Cole* v. *State*, 6 Baxt. 239; *Alsabrooks* v. *The State*, 52 Ala. 24; *Pond* v. *Pond*, 132 Mass. 219, 223; ·*Commonwealth* v. *Abbott*, 130 Mass. 472, 474; *The State* v. *Markins*, 95 Ind. 464.

I am of the opinion that the judgment should be affirmed.