## STATE v. DISTEFANO.

No. 4542.   Decided November 30, 1927.   (262 P. 113.)

*Thomas O'Donnell*, of Vernal, and *Robert G. Porter*, of Duchesne, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty. Gen., for the State.

HANSEN, J.

The defendant was convicted of the crime of having carnal knowledge of a female under the age of 18 years and over the age of 13 years. Motion for new trial was filed and denied, and defendant was sentenced to serve an indeterminate term in the state prison as provided by law. Defendant appealed.

At the time the cause was called for trial one of defendant's counsel announced that the defendant was ready. Other counsel objected to the entire panel and venire of jurors as drawn. The objection was based upon section 3610, Compiled Laws Utah 1917, which provides:

"At least fifteen days before any term of the court at which a petit jury shall be required by law, or a grand jury be ordered by the court, the clerk of the county where such court is to be held shall draw from the jury box such number of names to serve as petit jurors and such number to serve as grand jurors as the judge may verbally, by letter, or by telegram, direct."

The venire was drawn October 13, 1926, and this cause was called for trial on October 19, 1926. It appeared that seven of the jurors drawn had not reported at the time the objection to the venire was made. After some argument the following colloquy occurred between the court and one of counsel for defendant:

"The Court: As I understand, Mr. O'Donnell, your ground of challenge is, first, that the venire was not issued on time, that is, within fifteen days before the opening of the term; second, you take the position that those who were summoned had not had an opportunity to be served?"

"Mr. O'Donnell: No; those who are here present. I am not objecting to the manner of service."

Thereupon the court denied the challenge of the venire of jurors, and defendant excepted. Thereupon the names of eight jurors were drawn by the clerk. Of the names of the jurors drawn, seven were present and one absent. The jurors who were present were examined by counsel and the court then adjourned until the following day, when all of the jurors except those excused for cause were present. The juror whose name was drawn on the first day was among those who reported on the second day when the court proceeded to select a jury to try this cause.

It would seem clear that the defendant, through his counsel, waived his objection to the venire of jurors as to those who were present on the first day. As all the other jurors constituting the venire who were not excused for cause reported before the jury was completed, it is difficult to see wherein the defendant could have been prejudiced because they were not present on the first day. It is quite generally held that statutory provisions regarding the drawing and summoning of juries is directory and not mandatory. 16 R. C. L. p. 230, § 48; Wharton's Criminal Procedure (10th Ed.) vol. 3, p. 2266, § 1827; 35 C. J. p. 269, § 226; *State* v. *White*, 40 Utah, 342, 121 P. 579. We are therefore of the opinion that the defendant is not entitled to reversal of the judgment against him, in the absence of a showing that he was prejudiced because of the fact that the jury which tried him was drawn 6 days before his trial instead of at least 15 days before the opening of the term of court at which he was tried.

The district attorney, in his opening statement to the jury, stated in substance that the state relied for a conviction upon an act of sexual intercourse that the evidence would show took place on or about September 8, 1926, at

Tabiona, Duchesne county, Utah; he further stated that he expected to offer evidence of two other acts of ■ sexual intercourse between defendant and prosecutrix which occurred prior to the act relied upon; that the evidence of the prior acts would be presented for the sole purpose of showing circumstances which might tend to prove the act relied upon. While the district attorney was stating to the jury what the evidence would show as to time, place, and circumstances of the two prior acts of sexual intercourse, counsel for the defendant objected to the statement on the part of the district attorney of the details of any claimed prior acts of sexual intercourse. Thereupon, the trial court stated to the jury:

"Of course, the statement, gentlemen of the jury, is made as to what the district attorney expects to prove. It is simply made to show you the outline of the testimony. Counsel for the defendant will be given the same opportunity to make a statement as to what they expect to prove. The court will instruct you later that the statement of counsel is not evidence, but merely a statement of what they expect to prove, to enable you to follow the testimony when it is given. The objection will be overruled."

Defendant's counsel excepted to the court's ruling and assigns such ruling as error. No error was committed in this respect. The opening statement of the district attorney was eminently fair. In the opening statement to the jury counsel may properly fully state all of the material facts which the evidence will establish, but not facts which the party is not able to prove and none that cannot be supported by legal evidence. Bishop's Criminal Procedure (2d Ed.) vol. 2, p. 791, § 969.

The state offered evidence tending to show that the prosecutrix, at the time of the act of sexual intercourse charged in the information, was not quite 15 years of age; that she resided in Tabiona, Duchesne county, Utah; that she had been working at the home of defendant; that an act of sexual intercourse occurred between prosecutrix and de-

fendant on or about August 9, 1926, in the seat of an automobile truck near the front gate of an inclosure some distance from where prosecutrix resided; that another such act occurred near a large gate a short distance from where the prosecutrix resided about a week after the first act testified to; that another act occurred near Stockmore on or about August 21, 1926, and another, the one relied upon by the state, by a big cottonwood tree near an irrigation ditch south of the home where the complaining witness resided. On cross-examination prosecutrix testified that the last time she had sexual intercourse with the defendant was on September 8, 1926, and that an act of sexual intercourse had occurred between her and defendant early in September down near a big cottonwood tree at about the same place as that of September 8, 1926; that the act of September 8, 1926, was after a Sunday school meeting had been held at the home of the defendant.

Defendant is a married man, with a wife and six children residing with him at Tabiona, Duchesne county, Utah. He denied ever having had sexual intercourse with prosecutrix. He offered evidence tending to show he was home on the night of September 8, 1926, when prosecutrix claims he had sexual intercourse with her, and that he did not see the prosecutrix on that day or night; he also offered evidence tending to show that the the Sunday school meeting that the state's witnesses placed as September 8th was held on September 15, 1926.

The trial court gave, among others, these instructions to the jury:

"You are instructed, gentlemen of the jury, that evidence has been offered upon the question of whether or not the defendant in this action did or did not have sexual intercourse with the complaining witness, Adelaide White, prior to the 8th day of September, 1926, and in this connection you are instructed, gentlemen of the jury, that the defendant, James Distefano, is not now on trial for any act of sexual intercourse other than the act alleged to have been committed on the 8th day of September, 1926, across the irrigation ditch, near

a big tree, south of the home of the complaining witness, Adelaide White, and evidence of the other alleged acts of sexual intercourse has been admitted for the purpose of your consideration solely to assist you in determining the probability or improbability of the alleged act of sexual intercourse which is alleged to have occurred on or about the 8th day of September, 1926. And in this connection, even though you should believe and find to your satisfaction, and beyond a reasonable doubt, that an act of sexual intercourse was committed by the defendant with the complaining witness, Adelaide White, at a time and place other than that relied upon by the state, you are not at liberty to find the defendant, James Distefano, guilty of the crime for which he is now on trial. That is to say, the defendant is now on trial for an act of sexual intercourse alleged to have been committed on or about the 8th day of September, 1926, a short distance south, and across the ditch, near a big tree, from her home, as testified to by the complaining witness, Adelaide White.

"You are instructed, gentlemen of the jury, that if you should find to your satisfaction, and beyond a reasonable doubt, an act of sexual intercourse was committed by James Distefano and Adelaide White a short distance south of her home, across the ditch, near a big tree, under the circumstances testified to by Adelaide White, the exact date of such sexual intercourse is immaterial. That is to say, it is immaterial whether such act of sexual intercourse occurred on September 8 or September 15, 1926."

At the time the court first read the instruction to the jury the words, "that is to say, it is immaterial whether such act of sexual intercourse occurred on September 8 or September 15, 1926," were not a part of the instruction. After the instructions had been read to the jury, counsel for the defendant requested that the words, "but said date cannot be later than September 8, 1926," be added to the instruction as originally read. The court refused defendant's request in this respect, but added, instead thereof, the language above indicated. Error is assigned because of the court's refusal to add to the instruction the words requested by defendant and giving of the instruction as amended.

It is contended on behalf of defendant that under no circumstances would the jury be justified in finding defendant guilty of the offense relied upon by the state for a conviction if it occurred after September

8, 1926, the date alleged in the information. The authorities do not support this contention. Compiled Laws Utah 1917, § 8837, provides:

"The precise time at which the offense shall have been committed need not be stated in the information or indictment, but it may be alleged to have been committed at any time before the filing thereof, if an information; or, if an indictment, before the finding thereof, except where the time is a material ingredient in the offense."

Independent of statute the general rule is the same In Bishop's New Criminal Procedure ((2d Ed.) vol. 1, p. 327, § 400, the law is thus stated:

"In the ordinary case * * * the proof of the offense need not correspond in day and year with the allegation. Any day, before or after, within the statute of limitations, and before the bringing of the prosecution, will suffice."

To the same effect is Wharton's Criminal Procedure (10th Ed.) vol. 1, p. 214, § 162.

The construction of Compiled Laws Utah 1917, § 8837, supra, has been before this court in a number of cases. Among them are the following: *People* v. *Wright,* 11 Utah 41, 39 P. 477; *State* v. *Hilberg,* 22 Utah 27, 61 P. 215; *State* v. *Greene,* 38 Utah 389, 115 P. 181; *State* v. *Moore,* 41 Utah 247, 126 P. 322, Ann. Cas. 1915C, 976; *State* v. *Sheffield,* 45 Utah 426, 146 P. 306; *State* v. *Crawford,* 60 Utah 6, 206 P. 717.

In *People* v. *Wright,* supra, the indictment charged the defendant with the offense of committing the crime of grand larceny April 3, 1894. The evidence tended to show that the property was stolen on April 4th instead of April 3d. It is there held it was not error for the court to instruct the jury:

"The exact time when the offense was committed is not material if it was committed at any time within four years of the time when the indictment was found against the defendant."

In *State* v. *Hilberg*, supra, defendant was charged with having had unlawful sexual intercourse on February 15, 1898. Evidence was offered tending to show six distinct acts or crimes, extending over a period of 14 months; the last act occurred in April, 1898, two months after the act charged in the information. On page 34 of the Utah report and page 216 of the Pacific report, Mr. Justice Miner, writing the opinion, uses this language:

"The time stated was immaterial, and under well-settled rules in criminal cases the prosecution, before evidence was introduced, could have selected any one of the criminal acts in proof, which occurred within the statute of limitations and the jurisdition of the court, as the offense for which it would ask a conviction."

In *State* v. *Green*, supra, defendant was charged with having committed the crime of adultery, July 18, 1906. The court instructed:

"That the exact time alleged in the information as to the commission of the crime charged need not be proved, for it is sufficiently established under the law, if you believe from the evidence * * * that the unlawful act charged was committed within four years next prior to the filing of the information, which information was so filed July 12, 1907."

Upon application for rehearing at page 427 in the Utah report, page 196 of the Pacific report, Mr. Justice Straup, writing the opinion for a majority of the court, uses this language:

"Time not being an essential ingredient of the offense, we had assumed that the proposition stated in the foregoing charge was one so well settled in criminal jurisprudence as not to require any discussion of it."

In the case of *State* v. *Moore*, supra, the defendant was charged with having committed the crime of adultery March 20, 1909. The trial court instructed the jury:

"The state relies upon the 20th day of March, 1909, as the date upon which the crime was committed and the state is bound by that date."

At page 253 of the Utah report, page 324 of the Pacific report, the late Mr. Justice Frick, writing the opinion, uses this language:

"It is thus made apparent that time, which, in this case, was utterly immaterial because neither descriptive nor of the essence of the offense, was by the court declared material because the prosecutrix insisted that the crime was committed on a particular day."

In *State* v. *Crawford* defendant was charged with having committed robbery April 7, 1921. Evidence tended to show the crime was committed April 6th and not April 7th. This court there held that the exact time was immaterial.

It is therefore well established in this jurisdiction that where time is not of the essence of the crime the exact time is immaterial, and if the evidence otherwise supports the charge relied upon by the prosecution, a conviction may not be set aside because the crime was committed after the date charged in the information or indictment, so long as it was committed prior to the bringing of the prosecution.

It is further contended on behalf of defendant that as there was evidence of two acts of sexual intercourse between the prosecutrix and defendant at the same place it is impossible to tell which act the jury convicted the defendant of having committed. On her direct examination prosecutrix testified to but one act of sexual intercourse beyond the irrigation ditch, near the big cottonwood tree, south of the home of the prosecutrix. On cross-examination she testified that this was the last act of sexual intercourse between her and defendant and that it occurred on September 8, 1926. She also testified on cross-examination that early in September another act of sexual intercourse occurred at about the same place as that of September 8, 1926. When the court added the language to the instruction above set out, "that is to say, it is immaterial whether such act of sexual intercourse occurred on September 8 or September

15, 1926," it would seem reasonably clear that the jury were informed that they could not convict the defendant of the act claimed to have been committed early in September. Counsel for defendant requested that the words, "that said date must not be later than September 8, 1926," be added to the instruction, and complained of the language the court added instead of the language requested by the defendant. Had the court added the language requested by defendant's counsel there would have been much more merit to the contention now made that it is impossible to say which of the two acts defendant is convicted of having committed. No complaint was made in the trial court that the instructions given were such that the jury was at liberty to convict defendant of either one of two crimes, and we are of the opinion that in the light of the evidence the instructions given are not vulnerable to this objection.

Complaint is also made of instruction, No. 2, wherein the court charged:

"The court instructs you that under the laws of this state it is a felony for a person not the wife of a female to have carnal knowledge of a female under the age of 18 years and over the age of 13 years."

It is obvious that the word "wife" should read "husband," and in view of the other instructions given, the error could not have misled the jury and therefore was not prejudicial.

Counsel for appellant seemed to take the position that because evidence was first offered of an act of sexual intercourse between the defendant and prosecutrix August 9, 1926, the state thereby elected to rely upon the act claimed to have taken place on that day. Under the rule laid down in the case of *State* v. *Hilberg*, supra, the law is as contended for by defendant where no election had been made. In the instant case, however, the district attorney made his election and relied upon an act which occurred September 8, 1926, and the prosecution having once

made an election, the order of the proof does not change the same.

Complaint is made of the form of the verdict submitted to the jury and the refusal of the court to strike the evidence of the witness Walter LeFevre. We have examined the record with respect to these assignments of error and find they are without merit. We are therefore of the opinion that no prejudicial error was committed in the trial of this cause, and the judgment should be and the same is affirmed.

THURMAN, C. J., and CHERRY and GIDEON, JJ., concur.

STRAUP, J. I concur, with this observation. It undoubtedly is true that the state in the first instance is not bound by or confined to the exact date stated in the information. It may elect to prove the charged offense at any time prior to the filing of the information and within the statute of limitations; but when the prosecution makes an election, then as was said in the Michigan cases cited and approved by this court in *State* v. *Hilberg*, 22 Utah 27, 61 P. 215:

"What had, till then, been floating and contingent, had now become certain and fixed. The prosecutor had made his election, and could not elect again; nor could he be allowed to prove any other act of the kind as a substantive offense upon which a conviction might be had in the cause. The information could be used as a dragnet only till the first act had been entangled in its meshes; every other act must be allowed to escape this throw of the net; and thenceforward the evidence must be aimed at this act. If others of the same kind lie in the same range, they can only be noticed for a secondary purpose, as they may be connected with or bear upon this."

And, as further stated by Judge Cooley in one of the cited Michigan cases (*People* v. *Clark*, 33 Mich. 112), after an election, the prosecution could not "show subsequent acts as corroborating testimony, as they would have no such tendency. Proof of previous acts of sexual intercourse would

tend to show a much greater probability of the commission of a similar act charged to have occurred subsequent thereto, but the converse of this proposition would not be true, as the proof of a crime committed by parties on a certain day could have no tendency to prove that they had, previous thereto, committed a similar offense." So said this court in the Hilberg case. And so was it said in *State* v. *Sheffield,* 45 Utah 426, 146 P. 306. Thus, the authorities teach that in anchoring its case the state many cast its anchor at any time prior to the filing of the information and within the statute of limitations; but when it once has anchored it, its roaming and wandering over the statutory period of limitations ceases, and while for secondary purposes may still show similar prior acts, but may not show acts subsequent thereto. The state here at the threshhold of the case elected to anchor its case to a sexual act committed Sepember 8th.

Thus, in such view, I think the charge abstractly considered is erroneous. But in view of the record and of the charge looked at as a whole I do not think the error harmful. By the charge, set forth in the main opinion, it will be observed that the court told the jury that the accused was on trial only for a sexual act alleged to have been committed on the 8th of September, and could not be convicted of any other. Then the court with unusual particularity and in minute detail further identified the act, not only as having been committed on September 8th, but as an act committed not near or in proximity to, but "across, an irrigation ditch," and near, not a tree or a small tree, but a "big tree," and not east nor west nor north, but "south, of the house of the complaining witness." Then the court charged that if the jury found an act of sexual intercourse was committed across the ditch, near a big tree, a short distance south of the home of the prosecutrix, it was immaterial whether that act was committed on the 8th or the 15th of September. Now, is the evidence showed that two acts were committed, one on the 8th and the other on the 15th, at the described place or elsewhere, the charge would be harmful,

for in such case under the charge, the jury might have found the defendant guilty of the act committed September 15th, which, because of the election, they legally could not do, or some of the jury in such case might have voted for a conviction because the defendant committed an act on the 8th and others because he committed one on the 15th, and hence there would be no unanimity of the jury. But on the record I do not see any evidence to show that a sexual act was committed by the parties on the 15th. With all the evidence of the state showing that the act was committed on September 8th and the defendant denying he had any sexual relation whatever with the prosecutrix, it may not be assumed that the jury convicted the defendant of an act other than the act committed on September 8th.

I thus do not see any prejudicial error in the charge, and therefore concur in an affirmance of the judgment.