2009 UT App 386

**STATE of Utah, Plaintiff and Appellee,**

v.

**Arvin MOORE, Defendant and Appellant.**

No. 20080686–CA.

Court of Appeals of Utah.

Dec. 24, 2009.

Rehearing Denied Feb. 8, 2010.

Brent A. Gold, Park City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Karen A. Klucznik, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges ORME, DAVIS, and McHUGH.

OPINION

DAVIS, Judge:

¶ 1 Defendant Arvin Moore appeals his conviction of and sentences for one count of aggravated sexual abuse of a child, a first degree felony, *see* Utah Code Ann. § 76–5–

404.1(5) (2008), and one count of dealing in material harmful to a minor, a second degree felony, *see id.* § 76–10–1206 (Supp.2009). He argues that he should be given a new trial on both counts due to ineffective assistance of trial counsel. We reverse Moore's convictions and sentences, and remand for further proceedings.

## BACKGROUND [1]

¶ 2 In 2001, a twelve-year-old boy (the victim) worked mowing lawns for Moore. Thereafter, the victim began working with Moore on his ranch, primarily during the summer months. The victim worked on the ranch during both the summer of 2002— when he was thirteen years old—and the summer of 2003—when he was fourteen years old. Sometime in this time period, Moore began talking to the victim about masturbation, asking him if he had ever done it and encouraging him to start—even offering to pay him money for doing so. Moore also began to give the victim notes, some of which were purely of Moore's own creation and others of which were portions of a magazine that Moore had rewritten and supplemented with his own notations. The victim described some of these materials as "just about sex in general, ... just how to pleasure your wife and things like that," while other notes were described as talking about "different organs of the body ... that are involved in sex."

¶ 3 One day, the victim was in Moore's house and Moore handed him a pornographic magazine. After the victim looked at it and returned it, Moore told the victim that in his bedroom he had a video tape of men masturbating. Moore invited the victim to go in his bedroom and masturbate while watching the video. The two went to Moore's bedroom, where Moore got the video ready to play and also set the open pornographic magazine on the bed. Moore then left the bedroom. After Moore left, the victim started the video

and began to masturbate. At some point Moore returned and entered the bedroom. The victim was scared and embarrassed, but Moore assured him it was okay, walked around behind the victim, and asked if he could masturbate him. The victim said yes, and Moore did so.

¶ 4 The victim thereafter continued working for Moore without reporting the incident to anyone. It was not until several years after the incident that the victim reported the abuse. In his initial report to the police, which was recorded, the victim stated that the sexual abuse had occurred when he was fourteen years old. However, in another interview several days later, the victim stated that he was thirteen years old when the sexual abuse occurred.

¶ 5 The State charged Moore with one count of aggravated sexual abuse of a child [2] and one count of dealing in material harmful to a minor. At trial there was testimony elicited from Moore's three sisters that would contradict the victim's testimony that the abuse occurred when he was thirteen years old, i.e., in the summer of 2002. Specifically, the sisters testified that they were in the home almost the entire summer of 2002 tending to their dying mother and that the bedroom in which the victim indicated the abuse occurred did not have a television in it that summer and was not Moore's bedroom until the following year. Nonetheless, these discrepancies were never pursued by Moore's counsel in order to argue that any abuse must have occurred in the summer of 2003. There was additional testimony by a police officer that during the victim's initial interview, he was not clear on the date of the abuse. Yet trial counsel had access to contrary evidence that was not produced, such as the recording of the interview with the victim clearly stating he was fourteen years old when the abuse occurred. Furthermore, trial counsel never even discussed with Moore the trial strategy option of arguing,

1. "When reviewing a challenge to a criminal conviction, we recite the facts from the record in the light most favorable to the jury's verdict." *State v. Lee*, 2006 UT 5, ¶ 2, 128 P.3d 1179 (omission and internal quotation marks omitted).

2. To be guilty of aggravated sexual abuse of a child, Moore's abuse of the victim must have occurred before the victim turned fourteen years old in December 2002. *See* Utah Code Ann. § 76–5–404.1(1) (2008) ("As used in this section, 'child' means a person under the age of 14.").

either directly or in the alternative, that the abuse occurred in the summer of 2003 and not the summer of 2002.

¶ 6 Moore was convicted of both counts. He was thereafter sentenced to five years to life on the aggravated sexual abuse charge and one to fifteen years on the dealing in harmful material charge, the sentences to run concurrently with each other. Moore then filed a motion for a new trial, arguing that his trial counsel was ineffective. The trial court denied the motion, determining that Moore's counsel's performance had been deficient but that Moore suffered no prejudice as a result of the deficient performance. Moore now appeals.

## ISSUE AND STANDARDS OF REVIEW

■ ¶ 7 Moore argues that the trial court erred in determining that his trial counsel's deficient performance was not prejudicial. *See generally State v. Munson*, 972 P.2d 418, 422 (Utah 1998) ("In order to show ineffective assistance of counsel, a defendant must show, first, that his counsel rendered a deficient performance in some demonstrable manner, which performance fell below an objective standard of reasonable professional judgment and, second, that counsel's performance prejudiced the defendant." (internal quotation marks omitted)). "In cases where a trial court has already ruled on an ineffective assistance claim, the questions of performance and prejudice are mixed questions of law and fact." *State v. Tennyson*, 850 P.2d 461, 466 (Utah Ct.App.1993). "When confronted with ineffective assistance of counsel claims, we review a lower court's purely factual findings for clear error, but review the application of the law to the facts for correctness." *State v. McClellan*, 2009 UT 50, ¶ 17, 216 P.3d 956 (internal quotation marks omitted).

## ANALYSIS

¶ 8 Moore argues that his trial counsel performed deficiently by failing to argue that Moore's sisters' testimony suggested that the abuse could not have occurred in 2002 and by failing to present evidence that the victim made inconsistent statements as to how old he was when the abuse occurred. Moore

also asserts that, contrary to the trial court's determination, counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that with such a defense the jury "would have had a reasonable doubt respecting guilt," *see State v. Hales*, 2007 UT 14, ¶ 86, 152 P.3d 321 (quoting *Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. And Moore correctly asserts that to establish a reasonable probability, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693, 104 S.Ct. 2052; *accord Hales*, 2007 UT 14, ¶ 92, 152 P.3d 321. Rather, "[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

■ ¶ 9 The State concedes that trial counsel's deficient performance was prejudicial as to the charge of sexual abuse, where the one-year discrepancy in the victim's age is the difference between the charge being a first degree felony, *see* Utah Code Ann. § 76–5–404.1(5) (2008) (aggravated sexual abuse of a child), and either a second degree felony, *see id.* § 76–5–404(2)(a) (forcible sexual abuse), or a class A misdemeanor, *see id.* § 76–5–401.1 (sexual abuse of a minor). But the State argues that trial counsel's deficient performance was not prejudicial as to the charge of dealing in material harmful to a minor, which makes no such distinction between ages thirteen and fourteen, *see id.* § 76–10–1206 (Supp.2009); *see also id.* § 76–10–1201(8) (2008) (defining a minor as a person less than eighteen years old). We determine that counsel's deficient performance was prejudicial as to both charges.

¶ 10 We agree that the prejudice as to the sexual abuse charge is of a different character than that of the dealing in harmful material charge because the victim's age—being younger than fourteen—is an element of the offense itself. Nonetheless, trial counsel's

deficient performance in failing to present evidence and argument as to the unreliability of the fact that the abuse occurred when the victim was thirteen was prejudicial as to both charges. The State argued at trial that both the sexual abuse and the dealing in harmful material occurred sometime in July or August of 2002, which was consistent with the Information, and the jury was instructed that a conviction required finding that the crime occurred "[o]n or about the date charged in the Information." Thus, the inconsistent evidence regarding whether it was the summer of 2002 or 2003 when the charged conduct occurred makes all the difference under these circumstances. If the victim was thirteen at the time of the conduct, as the victim testified at trial, then the events would have occurred in the time frame alleged by the State. However, if the victim was fourteen at the time the events occurred, as he initially reported and as other testimony at trial suggested, then the conduct would have necessarily occurred in the summer of 2003 as opposed to in the time frame alleged by the State. Thus, under the instructions presented to the jury, if there was a reasonable doubt as to whether the charged conduct occurred in 2002, the jury would have been obligated to acquit Moore. *Cf. State v. Fulton*, 742 P.2d 1208, 1216 (Utah 1987) (stating that dates within *one day* of the date charged

were "acceptably close" and that therefore there was no "constitutionally fatal variance between the charges and the proof").[3] Under these circumstances, we think there is a reasonable probability that if Moore's trial counsel would have highlighted the inconsistencies regarding the age of the victim and, likewise, the summer when the charged conduct may actually have occurred, the jury would have had a reasonable doubt as to whether the conduct occurred in 2002.[4]

¶ 11 The State argues that even if the viewing of the video tape, which happened in tandem with the sexual abuse, occurred in 2003, there existed other evidence and arguments it could have presented to support the charge of dealing in material harmful to a minor in 2002. But the State did not present such evidence at trial and essentially admitted at oral argument that it relied solely on the video tape for the dealing in harmful material charge. In such a situation, we cannot simply assume that other information not presented would have led the jury to the same conclusion, even if that information was mentioned in passing at trial. On remand, the State will have the opportunity to present any and all supporting evidence and argue that Moore dealt in various materials harmful to a minor.[5]

3. We recognize that "we have been less vigorous in requiring specificity as to time and place [charged] when young children are involved than would usually be the case where an adult is involved." *State v. Wilcox*, 808 P.2d 1028, 1033 (Utah 1991). But even if the victim here qualified as a "young child," this precedent is irrelevant where the State alleged that the abuse took place in a specific two-month time frame. Although the jury need not always unanimously believe that the crime occurred on a specific date charged, *see State v. Saunders*, 1999 UT 59, ¶ 60, 992 P.2d 951 ("[B]ecause time itself is not an element of an offense, it is not necessary that the jurors unanimously agree as to just when the criminal act occurred." (citations omitted)); *State v. Distefano*, 70 Utah 586, 262 P. 113, 116 (1927) ("[W]here time is not of the essence of the crime the *exact* time is immaterial, and ... a conviction may not be set aside because the crime was committed after the date charged in the information or indictment, so long as it was committed prior to the bringing of the prosecution." (emphasis added)), we do not see that a variance of a year is permissible under the facts of this case, where the jury was instructed on a specific time frame and where Moore's sisters'

testimony may have served as a possible partial alibi defense, *see State v. Cooper*, 114 Utah 531, 201 P.2d 764, 769 (1949) ("The issue of time may be very important where defendant's defense is alibi.").

4. Given the consistency in the remainder of the victim's testimony regarding the events at issue, we agree with the State that there is not a reasonable probability that the evidentiary inconsistencies regarding the victim's age would have given the jury a reasonable doubt that the alleged events occurred at all. But such is not necessary to require reversal. Instead, a reasonable probability that the jury would have had a reasonable doubt as to whether the events occurred in 2002, as alleged, is sufficient to warrant granting Moore a new trial.

5. Because we remand for a new trial, we need not reach the other issues raised on appeal. We recognize that we may address issues raised on appeal that are likely to arise again upon remand. *See* Utah R.App. P. 30(a) ("If a new trial is granted, the court may pass upon and determine all questions of law involved in the case

## CONCLUSION

¶ 12 The trial court erred in its determination that trial counsel's deficient performance was not prejudicial. There is a reasonable probability that absent the deficient performance the jury would have had a reasonable doubt that the prohibited conduct occurred in the summer specified. We therefore reverse Moore's convictions for both aggravated sexual abuse of a child and dealing in material harmful to a minor, and we remand to the trial court for a new trial or such other proceedings as may now be appropriate.

¶ 13 WE CONCUR: GREGORY K. ORME and CAROLYN B. McHUGH, Judges.

presented upon the appeal and necessary to the final determination of the case."); *State v. Cloud,* 722 P.2d 750, 755 (Utah 1986) (" 'When a new trial or further proceeding is ordered, it is our duty to pass upon questions of law which may be pertinent and helpful in arriving at a final determination of the case.' "). But in this case none of the unaddressed issues fit within that category. Moore's argument regarding the admission of certain evidence is an issue within the discretion of the trial court and we cannot address it— particularly because the challenged testimonial evidence, various other pieces of the case, and the charges themselves may be different on remand. Although the remaining issues are questions of law, they are not issues that are likely to arise upon remand: Moore's argument regarding merger may or may not arise on remand depending upon whether the State alters the charges and the evidence used to support those charges; and Moore's arguments regarding the admission of a prior conviction and the appropriate standard for competency relate only to sentencing, which, if it occurs at all, will start anew—likely under different circumstances than were present when sentencing originally occurred.