THE PEOPLE, ETC., RESPONDENTS, v. THOMAS B. HELLER
AND JOSEPH L. GARNER, APPELLANTS.

1. PLEA IN CRIMINAL CASES.—There can be no waiver of right to plead in a criminal cause. The *record* must show that the defendant pleaded, and in cases of felony the pleading cannot be waived.

2. VERDICT IN ABSENCE OF PLEA.—There is no issue in a criminal cause until a plea has been interposed by defendant, and a verdict rendered in the absence of any such plea cannot stand.

Appeal from the Third Judicial District Court.
The facts are stated in the opinion.

*Tilford & Hagan,* for appellants.

While in the case of minor offenses, as in misdemeanors, an arraignment may be waived, in felonies an arraignment and plea are always essential; certainly a plea is absolutely necessary in any case. The court cannot supply an issue after ver-

The People, etc., v. Thomas B. Heller and Joseph L. Garner.

dict where there has been neither an arraignment nor plea, notwithstanding that the defendant has consented to go to trial. *People* v. *Gaines*, at late term of Cal. Sup. Court; *People* v. *Corbett*. 28 Cal. 328; *State* v. *Sanders*, 53 Mo. 321; *State* v. *Montgomery*, 63 Mo. 296; 1 Wharton Am. Cr. Law, § 530; *Douglass* v. *State*, 3 Wis. 715; *Sartorius* v. *State*, 1 Morris St. Case, 633, 634; 1 Arch. 344.

There can be no valid waiver of the right to plead in a criminal cause. Where a waiver by the defendant leaves the record destitute of an essential part, he may afterward take advantage of the defect in it notwithstanding the waiver. 1 Bis. Crim. Proc. § 125 and cases cited.

*S. H. Lewis*, Assistant District Attorney, for the People.

In this case the defendants, upon going to trial, asserted in the presence of the court that they had been arraigned; they were represented at the time by able counsel; without objection on the part of defendants or counsel they went to trial, which occupied three days; they produced witnesses to rebut and destroy the evidence of the prosecution, and their defense was fully argued before the jury by counsel. We submit respectfully and in good faith, that their presence at said time and place, and their assertion that they had been arraigned, were at least a waiver of, if not an arraignment itself; and, immediately thereupon, they going to trial was a plea of "not guilty," expressed more forcibly by their acts than could have been done by such a plea being made orally. 4 Black. (Chitty) Ch. 25 and notes; 1 Bish. C. P. (2d ed.) §§ 117–121, 268–273, 733; *People* v. *Fight*, 7 Ohio, 180; *People* v. *McCorkle*, 14 Ind. 39; *People* v. *Wamire*, 16 Ind. 357; *People* v. *Schram*, 29 Ill. 162; *People* v. *Goodin*, 16 Ohio, 344; *People* v. *Frosh*, 5 Parker's C. R. 52; *People* v. *Hensche*, 16 Mich. 46.

BOREMAN, J., delivered the opinion of the court:

The appellants were indicted, tried and convicted of grand larceny, and sentenced to the penitentiary; but neither of the appellants had been arraigned nor had they pleaded.

The People, etc., v. Thomas B. Heller and Joseph L. Garner.

Appellants allege that it was error to try and convict them without arraignment or pleading. Other errors are assigned.

The respondents claim that the arraignment and pleading were waived by the defendants in the manner stated in the transcript as follows: "When the case was called for trial, and when the jury had been impaneled, and before the trial had proceeded or begun, the court asked the district attorney, in the presence of the defendants and their attorneys, if the defendants had been arraigned, to which he answered ' Yes,' and the district attorney asked defendants if they had been arraigned, to which they each answered ' Yes.' Frank Tilford, one of defendants' attorneys, also answered, ' Yes, I presume they have,' whereupon the trial proceeded."

If this language of the defendants could amount to a waiver under any circumstances, it certainly could not do so at the time it was offered. The jury had been impaneled before the question was asked the defendants; the presumed waiver, therefore, came too late.

But had that language been used before the jury were impaneled it would not have been a waiver of the right to plead. The record must show that the parties pleaded, and in felony cases the pleading cannot be waived. It is not the " yes " or " no " of the prisoner that is to decide whether a plea has been entered or not. The record is to be the source of information in such cases. Here the jury were sworn to try the issue joined when no issue had been joined. Their verdict, therefore, was in response to no issue. A verdict rendered under such circumstances ought not to stand.

As this point is decisive of the case it is not necessary to pass upon the other points.

The judgment of the District Court is set aside and a new trial granted.

SCHAEFFER, C. J., and EMERSON, J., concurred.