# REPORTS OF CASES

DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF UTAH.

MAY TERM, 1904.

THE STATE OF UTAH, Respondent, v. EZRA
DAVIS, Appellant, and JOHN PRYOR WAL-
DRON, Defendant.[1]

**No. 1537.** (76 Pac. 705.)

Robbery: Indictment: Force: Fear.

> Rev. St. 1898, section 4175, defines robbery as the felonious tak-
> ing of personal property in the possession of another from
> his person, or immediate presence, and against his will,
> accomplished by force or fear. Section 4355 defines lar-
> ceny as the felonious stealing, etc., of the property of an-
> other, and section 4359, subd. 2, defines grand larceny as
> larceny committed when the property is taken from the
> person of another. *Held,* that an indictment for robbery,
> failing to charge that the property taken from the person
> of the prosecutor was taken "by means of force or fear,"
> was insufficient.

(Decided May 12, 1904.)

Appeal from the Seventh District Court, Carbon
County.—*Hon. Jacob Johnson,* Judge.

---

[1] People v. Kerm, 8 Utah 268; 30 Pac. 988, distinguished.

(10)

The defendant, Ezra Davis, was convicted of robbery and appealed.

REVERSED.

*A. J. Weber, Esq.,* and *M. P. Braffet, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the State.

BARTCH, J.—The defendant was convicted of the crime of robbery, and sentenced to imprisonment in the penitentiary for a term of thirteen years. He thereupon prosecuted this appeal, and now contends that the information under which he was prosecuted does not charge the offense of which he was convicted. The information reads: "John Pryor and Ezra Davis having been on the fourteenth day of July, 1903, by Thomas L. Reese, justice of the peace in and for Castle Gate precinct, Carbon county, Utah, duly committed to answer to the charge of robbery, are accused by William D. Livingston, district attorney in and for the Seventh Judicial District, Utah, by this information, of said crime committed as follows: That the said John Pryor and Ezra Davis on the fourteenth day of July, 1903, at Carbon county, Utah, did, of the personal property of one John Daniels, willfully, unlawfully, and feloniously take one dollar and fifty cents in United States money from the person and out of the immediate presence and against the will of the said John Daniels, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Utah."

It is insisted that this information does not charge robbery under our statute, because it fails to charge that the property was taken from the person of the victim by means of force or fear, and that the offense charged amounts, at most, only to grand larceny, the maximum penalty for which is imprisonment for ten years. We

are of the opinion that the contention of the appellant must be sustained. In section 4175, Revised Statutes 1898, the crime of robbery is defined as follows: "Robbery is the felonious taking of personal property in the possession of another, from his person, or immediate presence, and against his will, accomplished by means of force or fear." In section 4355, Revised Statutes 1898, larceny is defined: "Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another." And, under subdivision 2, section 4359, Revised Statutes 1898, "grand larceny is larceny committed . . . . when the property is taken from the person of another." From these several statutory provisions it will be observed that when personal property is taken feloniously from the person of another it is grand larceny, and that when such property is taken feloniously from the person of another "by means of force or fear," the offense committed is robbery. The phrase "by means of force or fear" constitutes a distinguishing feature between robbery and grand larceny when the unlawful or felonious taking is from the person, and is thus a material element in the crime of robbery. Where, therefore, as in this case, the information merely charges the accused with willfully, unlawfully, and feloniously taking personal property from the person of another, without alleging that it was so taken by means of force or fear, the charge does not amount to the crime of robbery, and will not support a conviction for that offense. The fact that in the information the offense was denominated "robbery" is immaterial, and cannot avail the prosecution, since the facts alleged point to a different crime.

To sustain their contention that this information is sufficient to charge the crime of robbery, the counsel for the prosecution cite and rely upon the case of People v. Kerm, 8 Utah, 268, 30 Pac. 988, but that case may readily be distinguished from this, and cannot avail them. There the accused was tried by indictment which charged a felonious taking by accused, by means of

force and fear, from the immediate presence of a party, owner of the chattels, and against his will, but it failed to charge expressly that the property was taken from the possession of the victim. The court entertaining the view that it, "at least inferentially appeared" from the indictment that the taking was from the possession of the party, held that the indictment sufficiently charged the crime of robbery to withstand an objection after verdict. There the indictment was merely defective, and the accused was tried for and convicted of the crime charged. Here the prisoner was tried for and convicted of a crime other than that charged in the information. The doctrine of that case does not militate against the ruling in this.

The prosecution also assumes the position that, if the information does not charge the crime of robbery, but does charge that of grand larceny, this court has power to modify the judgment so as to reduce the term of imprisonment from thirteen years, as fixed by the lower court under the conviction for robbery, to ten years or less, under the statute providing for grand larceny, and, when so reduced, affirm the judgment, if the same be otherwise correct. In answer to this contention, it is sufficient to say that the circumstances disclosed would not warrant us in making such a disposition of this case.

We do not deem it necessary to decide any of the other questions presented.

The judgment must be reversed, and the cause remanded for further proceedings in accordance herewith. It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.