## STATE v. HAY.

No. 3057. Decided April 16, 1918. (172 Pac. 720.)

1. INDICTMENT AND INFORMATION—ERROR IN ALLOWING AMENDMENT OF INFORMATION—WAIVER. Where defendant's counsel, who was informed before the trial commenced that the information had been amended to conform to the complaint by changing the year 1916 to 1915, made no objection, the error, if any, in permitting the amendment was waived. (Page 82.)

2. INDICTMENT AND INFORMATION—AMENDMENT TO CONFORM COMPLAINT. Amendment of information by changing figures so as to make the year conform to the year stated in the original complaint, and to correct year in which alleged offense was committed, was properly permitted, being expressly authorized by Laws 1913, c. 42, as to amendment of information without leave, in any matter of form or substance before defendant pleads thereto. (Page 82.)

3. CRIMINAL LAW—PRELIMINARY HEARING—TRANSFER OF CASE—STIPULATION. A prosecution for a felony may, by stipulation of counsel, be transferred from the city justice to the municipal court for a preliminary hearing. (Page 82.)

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—WAIVER. Where, after defendant was legally apprehended and brought before city justice for preliminary examination, the case was, pursuant to stipulation, transferred to municipal court, where a preliminary ex-

amination was duly held, defendant, who proceeded to trial in the district court without objection, cannot successfully assail conviction on the ground that he was not given a preliminary examination, in view of Comp. Laws 1907, section 686x13, conferring on municipal court the powers and duties of a magistrate.[1]  (Page 82.)

Appeal from District Court of Salt Lake County, Third District; *Hon. C. W. Morse,* Judge.

Robert Hay was convicted of the crime of carnally knowing a female over the age of thirteen and under the age of eighteen  He appeals.

AFFIRMED.

*P. P. Jenson* and *Ben Johnson* for appellant.

*Dan B. Shields,* Atty. Gen., and *Jas. H. Wolfe* and *O. C. Dalby,* Asst. Attys. Gen., for respondent.

FRICK, C. J.

The defendant was charged with, and convicted of, the crime of carnally knowing a female ''over the age of thirteen years and under the age of eighteen years,'' which constitutes a felony under our statutes.  He was duly sentenced to serve a term in the state prison, and appeals.

The case was submitted on briefs, and but two assignments of error argued:   (1) That the district court erred in permitting the state to amend the information filed in that court by substituting the figure ''5'' for the figure ''6'' so as to make the information read 1915 instead of 1916; (2) that the district court was without jurisdiction for the reason that defendant had been given no preliminary hearing.

The change of figures in the information was made so as to make the year conform to the year stated in the original complaint filed before the city justice of the peace, and to

---

[1]*State* v. *Shockley,* 29 Utah, 25, 80 Pac. 865; *State* v. *Sheffield,* 45 Utah, 426, 146 Pac. 308; *State* v. *Gustaldi,* 41 Utah, 63, 123 Pac. 897.

correct the year in which the alleged offense was com-          1, 2
mitted. The amendment was made under the follow-
ing circumstances: The case had been duly set for trial and
the defendant failed to appear for trial. The district attorney
then discovered the error, and asked leave of the court to make
the change as aforesaid. The appellant, however, thereafter
appeared and the case proceeded to trial. Before the trial
commenced appellant's counsel was informed that the year had
been changed from 1916 to 1915 as aforesaid, so as to make the
information conform to the year stated in the original com-
plaint filed before the magistrate. Counsel then made no ob-
jection. Indeed, the record shows that he, in open court,
stated, "If the court please, I don't have any objection to
this [the information] being amended," and the trial then pro-
ceeded. No objection having been interposed at the time, the
error, if one had been committed, not being jurisdictional,
was waived. Moreover, the amendment was properly allowed
and made, since such amendments are expressly authorized
by our statute. Chapter 42, Laws Utah 1913, p. 54. This dis-
poses of the first assignment.

The contention that the court was without jurisdiction to
try the case because the defendant was not given a prelimi-
nary examination, as provided by our Constitution, is
likewise untenable. That objection is based on the cir-          3, 4
cumstance that the original complaint was filed before
the city justice of the peace before whom the defendant was
taken after his arrest. After the defendant had appeared before
said justice, his attorney and the assistant county attorney
entered into a stipulation whereby it was stipulated that the
preliminary examination should be held before the municipal
court of Salt Lake City. A preliminary hearing was after-
wards duly held before that court, and the defendant was in
due form held to appear for trial before the district court of
Salt Lake County. An information was duly filed in said
court, and the defendant proceeded to trial on such informa-
tion without objection or protest. His counsel now contends
however: (1) That the case could not legally be transferred
from the city justice to the municipal court by stipulation

merely; and (2) that the municipal court does not possess legal authority to hold preliminary examinations. As to the first proposition we think counsel is in error; but assuming, without conceding, that counsel's contentions were sound, yet the municipal court, by Comp. Laws 1907, section 686x13, is given the same powers in all criminal actions that are conferred on justices of the peace, and the powers and duties of a magistrate are expressly conferred on the municipal courts. This court has expressly held in *State* v. *Shockley,* 29 Utah, 25, 80 Pac. 865, that under the foregoing statute the municipal courts possess all the powers of magistrates, and thus have jurisdiction and authority to conduct preliminary examinations. In the case at bar there was filed a complaint under oath, in which the defendant was properly charged with an offense. The defendant was thus legally apprehended, and brought before the city justice of the peace sitting as a magistrate, who thus acquired jurisdiction both of the offense and of the defendant. *State* v. *Sheffield,* 45 Utah, 426, 146 Pac. 308. After that, and pursuant to the stipulation aforesaid, the defendant voluntarily appeared before the municipal court, and a preliminary examination was there duly held. If it were assumed, therefore, that a case may not, by stipulation, be transferred from the city justice of the peace to the municipal court, yet in view that the defendant was properly charged with an offense, and he voluntarily appeared before a court possessing all the powers of a magistrate, and hence had power to hold a preliminary examination, which was duly held, and the defendant having been held to answer and appear before the district court, where he did appear and was tried without protest, the objection now urged is of no avail. We are of the opinion that, in case a person is charged with an offense as required by law before a magistrate, the preliminary examination may be conducted before any other magistrate if the defendant does not object. Moreover, it has repeatedly been held by this court that a defendant may waive preliminary examination, and, unless he makes an objection that no preliminary examination has been given him before he enters his plea to the merits

and proceeds to trial, he waives his right to a preliminary examination, and if a conviction follows he cannot successfully assail the conviction on that ground. *State* v. *Gustaldi*, 41 Utah, 63, 123 Pac. 897; *State* v. *Sheffield, supra.*

For the reasons stated, the judgment should be, and it accordingly is, affirmed.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.