## STATE v. ESTES.

No. 3232.   Decided Nov. 16, 1918.   (176 Pac. 271.)

1. CRIMINAL LAW—ERRORS NOT INSISTED UPON.   Only such errors as
   are insisted upon in appellant's brief will be considered by court on
   appeal.   (Page 573.)

2. CRIMINAL LAW—FAILURE TO AFFORD OPPORTUNITY TO PLEAD.   That
   defendant was not afforded an opportunity to plead to information,
   and was tried without having entered a plea, could not under statute
   be raised by motion in arrest of judgment, but by motion for new
   trial.   (Page 574.)

3. CRIMINAL LAW—REVERSIBLE ERROR—WHAT CONSTITUTES.   In view
   of Comp. Laws 1907, Sections 4975, 5080, as amended by Laws 1915,
   c. 113, as to disregarding errors not resulting in miscarriage of
   justice, the court on appeal may not reverse a judgment unless some
   substantial right of defendant has been invaded or ignored.[1]   (Page
   577.)

4. CRIMINAL LAW—REVERSIBLE ERROR—WHAT CONSTITUTES.   Under
   Comp. Laws 1907, Section 701, as to court not transacting business
   on legal holiday, and sections 4975, 5080, as amended by Laws 1915,
   c. 113, as to disregarding errors not resulting in miscarriage of justice
   where defendant voluntarily went to trial, contested every step, and
   claimed and was granted every right during the progress of the
   trial, a judgment of conviction will not be reversed because his
   plea of not guilty was received and entered on a legal holiday.
   (Page 579.)

5. CRIMINAL LAW—OPPORTUNITY TO PLEAD—WAIVER.   Where defend-
   ant voluntarily went to trial, contested every step, and claimed and
   was granted every right known to law during the progress of the
   trial, he will be held to have waived the right to enter a formal
   plea, and his conduct will be held tantamount to the entry of a
   plea in view of Const. art. 1, Section 13.[2]   (Page 581.)

6. HOMICIDE—MISLEADING INSTRUCTIONS—JUSTIFICATION.   The jury
   was not misled, and defendant was not prejudiced, because court's
   instruction on excusable and justifiable homicide set forth all of

[1]*Davidson* v. *Munsey,* 27 Utah, 87, 74 Pac. 431; *State* v. *Cluff,* 48
Utah, 102, 158 Pac. 701.

[2]*People* v. *Heller,* 2 Utah, 133; *State* v. *Gustaldi,* 41 Utah, 63, 123
Pac. 897; *State* v. *Sheffield,* 45 Utah, 426, 146 Pac. 306; *State* v. *Hay,*
52 Utah, 80, 172 Pac. 721.

grounds of justification and excuse contained in statute, although some of the grounds might have been omitted. (Page 582.)

7. CRIMINAL LAW—MISCONDUCT OF JURY—NEW TRIAL. Although it was possible to infer from affidavits in support of motion for new trial that one or two jurors conversed with some person other than bailiff where affidavits filed by the state fully dissipated the possible inference, motion for new trial on the ground of misconduct of jury was properly denied. (Page 582.)

8. CRIMINAL LAW—REVIEW—VERDICT SUPPORTED BY EVIDENCE. There being ample evidence in the record to sustain verdict of guilty, the court on appeal will not interfere with it on the ground that the evidence is insufficient. (Page 582.)

9. CRIMINAL LAW—REVIEW—JUDGMENT. Where the record discloses that defendant was ably defended, that the court's instructions covered every possible phase of the case, and that every substantial right of defendant was safeguarded, judgment of conviction will be affirmed. (Page 583.)

Appeal from the District Court of San Juan County, Seventh District; *Hon. Geo. Christensen,* Judge.

Cleve Estees was convicted of murder in the second degree, and appeals.

AFFIRMED.

*Lewis Larson* for appellant.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby* and *Herbert Van Dam, Jr.,* Asst. Attys. Gen., for the State.

FRICK, C. J.

The defendant was charged with murder in the first degree, convicted of murder in the second degree, and sentenced to serve a term of fifteen years in the Utah State Prison. He appeals from the judgment.

Defendant's counsel has assigned a number of errors. We shall, however, consider such only as are insisted on in his brief.

The first and principal assignment of error arises as follows: After the information charging the defendant with murder in the first degree by shooting and instantly killing one Dick Granath in San Juan County, Utah, on the 21st day of November, 1916, had been duly filed in the district court of said county, the defendant, with his counsel, on the morning of the 16th day of April, 1917, came into court and was then and there arraigned. On the afternoon of said day, he, with his counsel, again appeared in open court and entered a plea of "not guilty," which was duly entered of record. On the morning of the 17th day of April, 1917, the defendant and his counsel again came into court. The case of State of Utah v. Cleve Estes (the defendant) was then called for trial. The court, addressing both the state's attorney and defendant's counsel, said: "Are you ready to proceed with the case of State of Utah v. Cleve Estes?" Mr. Patterson, the state's attorney, said: "The state is ready." Mr. Larson, defendant's counsel, said: "We are ready, your honor, this morning." The court then proceeded to impanel a jury. After twelve men had been called into the jury box and had been sworn to answer questions touching their qualifications to act as jurors in the case, defendant's counsel informed them that the defendant was charged with murder in the first degree for killing one Dick Granath and proceeded to examine the jurors in the box for cause. After the jurors had been duly impaneled, the clerk of the court read the information to them, and the prosecuting attorney announced that the state was ready to proceed with the trial, and defendant's counsel announced "defendant is ready," and the trial proceeded. After hearing the evidence offered by the state and that produced on behalf of the defendant, and after listening to the arguments of counsel and being duly instructed by the court, the jury retired, and thereafter returned a verdict of murder in the second degree. After the verdict, and in due time, defendant's counsel interposed a motion in arrest of judgment and also a motion for a new trial. The motion in arrest of judgment was based on the ground that the defendant had not been afforded an oppor-

tunity to plead to the information and that he had been tried without having entered a plea thereto. That question, under our statute, can, however, not be raised by a motion in arrest of judgment, but it can properly be raised by a motion for a new trial, which was done in this case.

As before pointed out, the records shows an arraignment and plea in due form. The record, however, also discloses that the plea was entered on the 16th day of April, 1917, which was a legal holiday, namely, Arbor Day, on which under our statute, Comp. Laws 1907, section 701, courts may not transact any business except that expressly mentioned in the statute, which, counsel for the defendant insists, does not include the receiving and entering of a plea in a criminal case.

In *Davidson v. Munsey*, 27 Utah, 87, 74 Pac. 431, it was held that the courts of this state cannot legally transact any judicial business on a legal holiday. Counsel for the defendant therefore contends that the receiving and entering of the plea on the 16th day of April, 1917, was a mere nullity and of no force or effect whatever. Counsel further insists that a plea was essential to confer jurisdiction on the court to try the defendant, and, having proceeded to trial without a plea, the judgment of conviction is without force or effect. He, however, further insists that even though it be held that the court was not without jurisdiction, yet, in any event, the absence of a plea is fatal to the judgment.

In support of his contentions, counsel cites and relies on *State v. Walton*, 50 Or. 142, 91 Pac. 490, 13 L. R. A. (N. S.) 811; *State v. Rook*, 61 Kan. 382, 59 Pac. 653, 49 L. R. A. 186; *United States v. Aurandt*, 15 N. M. 292, 107 Pac. 1064, 27 L. R. A. (N. S.) 1181; 8 R. C. L. p. 110. There are a large number of other cases referred to in the foregoing cases to which it is not necessary to refer. The cases cited, as well as some of these referred to therein, support counsel's contention. Indeed, in the cases cited both from Oregon and Kansas it is held that in case the defendant has not been given an opportunity to plead, and that if he did not plead to the information or indictment, the judgment of conviction is a nullity, and that the defendant was not even placed in

jeopardy. It is not necessary to review those cases further. It must suffice to state that, if those cases are to be followed, then the judgment of conviction in the case at bar cannot stand. The Attorney General, however, insists that the foregoing cases do not reflect the law as laid down in the more recent cases upon the question under consideration, and in effect contends that, although it be assumed that, in view that the defendant's plea was received and entered on a legal holiday, for that reason it is a nullity and cannot be considered for any purpose, yet in the light of the whole record, defendant must be held to have waived his right to formally enter a plea to the information, and that in going to trial and contesting the state's evidence and in asserting his innocence and in presenting evidence in support of his contentions his conduct must be held to be tantamount to having entered a plea of not guilty. In support of the contention just stated, the following cases, among others, are cited: *Hayden v. State,* 55 Ark. 342, 18 S. W. 239; *Davidson v. State,* 108 Ark. 191, 158 S. W. 1103, Ann. Cas. 1915B, 436; *Hobbs v. State,* 86 Ark. 360, 111 S. W. 264; *State v. Thompson,* 95 Iowa, 464, 64 N. W. 419; *State v. Corwin,* 151 Iowa, 420, 131 N. W. 659; *State v. Straub,* 16 Wash. 111, 47 Pac. 227; *People v. Osterhout,* 34 Hun. (N. Y.) 260; *People v. Bradner,* 107 N. Y. 1, 13 N. E. 87; *People v. Weeks,* 165 Mich. 363, 130 N. W. 697; *People v. Tower,* 17 N. Y. Supp. 395; *People v. McHale,* 15 N. Y. Supp. 500; *State v. O'Kelley,* 258 Mo. 345, 167 S. W. 980, 52 L. R. A. (N. S.) 1063; *Hack v. State,* 141 Wis. 346, 124 N. W. 492, 45 L. R. A. (N. S.) 664; *Hudson v. State,* 117 Ga. 704, 45 S. E. 66; *United States v. Molloy,* (C. C.) 31 Fed. 19. See, also, 16 C. J. p. 390, section 720.

In a number of the foregoing cases, prior decisions holding to the contrary doctrine are expressly overruled. Some of the foregoing cases relate to convictions for misdemeanors; others to felonies; while still others refer to convictions in homicide cases where the charge, like in the case at bar, was murder in the first degree. Many of those decisions are based on a statute which in effect is like ours respecting the right of the appellate court to reverse a judgment. Our stat-

ute in that regard (Comp. Laws 1907, sections 4975 and 5080, as amended by Laws Utah, 1915, p. 205) is as follows:

"4975. After hearing an appeal the court must give judgment without regard to errors or defects which have not resulted in a miscarriage of justice. If error has been committed it shall not be presumed to have resulted in a miscarriage of justice. The court must be satisfied that it has that effect before it is warranted in reversing the judgment."

"5080. Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding nor any error or mistake therein shall render it invalid unless it shall have actually resulted in a miscarriage of justice."

Those sections were referred to by this court in *State v. Cluff,* 48 Utah, 102, 158 Pac. 701, and it is there held that miscarriage of justice is equivalent to an invasion of a substantial right. In other words, this court may not reverse a judgment unless some substantial right of the defendant has been invaded or ignored.    3

In all of the cases last above cited, it is held that the failure to enter a plea of not guilty is not jurisdictional, and that in going to trial and in contesting the state's evidence the defendant must be assumed to have waived his right to formally enter a plea of not guilty, and, further, that by voluntarily entering upon the trial and contesting the state's evidence his conduct is tantamount to the entering of a plea of not guilty. In referring to this subject in *Hayden v. State,* supra, the Supreme Court of Arkansas, speaking through Mr. Chief Justice Cockrill, said:

"In the case of *Ransom* v. *State,* 49 Ark. 176 (4 S. W. 658), it was ruled that a plea of not guilty waived arraignment, where that form had been omitted. Following up that lead, it was held in *Moore* v. *State,* 51 Ark. 130 (10 S. W. 22), that the formal entry of the plea of not guilty, as well as arraignment, was waived by a defendant who voluntarily went to trial as upon a plea of not guilty. That is to say, we treated as done what the court and parties at the trial had regarded as done. But that case was a misdemeanor, and it is argued that it should not rule in this which is a conviction for felony. The reasons which obtained in the former case apply as well in this. The record shows that the appellant

was represented by competent counsel, that he voluntarily announced himself ready for trial, and that the cause was treated as at issue upon the plea of not guilty. The defendant was accorded every right that he could have availed himself of under the most formal record of his plea. The only object of the plea was to make an issue. But the whole record attests that an issue was made. To disregard the trial then, and say there was nothing to try because without a plea there was no issue, and without an issue there could be no trial, would be to sacrifice the truth for a system of casuistry which was originally resorted to by the courts only to avoid the bloody consequences of the enforcement of the criminal code of a prior century. The necessity for such niceties of reasoning has passed away.

"The statute, moreover, prescribes that a judgment of conviction for a felony shall be reversed only for an error to the defendant's prejudice appearing upon the record. Mansf. Dig. Section 2454. See, too, *Cline v. State,* 51 Ark. 145 (10 S. W. 225). The defendant has made no suggestion of any prejudice resulting from the failure to make a record entry of his plea, none appears upon the record, and we are unable to conceive that any exists. Knowing, doubtless, of the formal defect in the record, he has taken the chance of an acquittal which would have barred further prosecution. The conviction will have the same effect."

The doctrine stated in that case is approved in the later Arkansas cases to which we have referred.

In *People v. Osterhout,* supra, the Supreme Court of New York, in passing upon a similar question, observed:

"The only point made is that the prisoner was not formally arraigned, and did not formally plead. He was present with his counsel throughout the trial; did not object that he had been arraigned, and did not ask to plead. After the close of the trial, and after the verdict had been rendered and the jury had been discharged, and on the following day, this point was first made, and made by a motion in arrest of judgment.

"It is manifest that no injury has been done the defendant. No plea has been rejected; no evidence offered by him has been excluded. The defect is merely technical, affecting no rights whatever. If he had refused to plead, the trial would have proceeded just as it has. The trial would not be affected because of an imperfection in the indictment which did not tend to the prejudice of the substantial rights of the defendant upon the merits. Code Crim. Proc. Section 285. Nor may this court on appeal regard technical errors or defects or exceptions which do not affect substantial rights. Section 542. If this section is to have any meaning at all, it applies exactly to a case like the present."

The two cases quoted from sufficiently reflect the decisions in the other cases, and hence it is not necessary to refer to

the other cases further, except to say that in some of them there was a statute authorizing the accused to waive his right to enter a plea. The question, however, respecting what amounted to a waiver where no formal waiver was entered of record, still remained and is discussed in the cases. It is held that going to trial, as the defendant did in the case at bar, constituted a waiver to the same extent as though a formal waiver had been entered of record. In many of the cases, however, there was no such a statute, and it is nevertheless held that going to trial under the circumstances we have hereinbefore stated constituted a waiver of the right to formally enter a plea. It is further held that the defendant's conduct in this case, in legal effect, amounted to a plea of not guilty, and thus the necessary issue was tendered.

It seems to us that upon merely slight reflection it must be conceded that the conclusion reached in those cases last above referred to is sound. Here the defendant, with his counsel, appeared in open court and announced that he was ready to proceed with the trial. He contested every step taken by the state during the progress of the trial and produced evidence in support of his innocence. Indeed, his counsel at the very commencement of the impaneling of the jury repeated the charge contained in the information, and, after the information was read to the jury selected to try the case, counsel again announced that the defendant was ready to proceed with the trial, and thereafter, before producing the evidence on behalf of the defendant, he fully stated to the jury the substance of the defendant's defense. Moreover, the court, in its instructions, again set forth the information and told the jury that the defendant pleaded not guilty to the charge and that every material allegation contained in the information must be established against him beyond a reasonable doubt. The defendant was afforded every opportunity to defend the charge, and his counsel insisted upon every right to which the law entitled him. The court, in the charge, fully informed the jury respecting the law, and in clear and unambiguous language guarded every right of the defendant. Under such circumstances, how can

it justly be said that the mere fact that defendant's plea of
not guilty was received on a legal holiday constituted pre-
judicial error; that is, that it either ignored or invaded any of
his substantial rights?

We are aware that in the case of *People v. Heller et al.*, 2
Utah, 133, not referred to by counsel, the Supreme Court of
the Territory of Utah arrived at a different conclusion. It
was there held that, where one is charged with a felony, a
plea cannot be waived by the accused, not even if he at-
tempted to do so expressly. That case was decided 38 years
ago. No reason is given for such a holding. We can readily
conceive why one who is accused of a capital offense may not
enter a plea of guilty and thus consent to suffer the death
penalty without a trial. To permit one to do so is to permit
him to yield up his life without any investigation respecting
the facts constituting the offense. That a sound public policy
forbids. Where, however, as here, the mere formality of en-
tering a plea is omitted and a trial is had which is conducted,
even to the minutest details, precisely as though a formal
plea had been entered, no substantial right of the accused has
been invaded or ignored. Under such circumstances, the
keenest imagination cannot discover anything the defendant
could have gained if a formal plea of not guilty had been en-
tered on some other day than on a legal holiday, nor yet con-
ceive of anything the defendant lost in going to trial and in
being tried as was done, without having a plea entered on
some other day. The defendant neither waived nor lost any-
thing of substance. Nor can it be said that, in holding that a
plea is waived under the circumstances of this case, anything
is permitted which is against the public good or against the
more or less expansive term called public policy. In volun-
tarily going to trial and in contesting every step, and in
claiming and being granted every right known to the law
during the progress of the trial, no other conclusion is per-
missible than that the defendant by his conduct waived the
right to enter a formal plea, and, further, that the manner
in which the trial was conducted was tantamount to the en-
try of a plea. No reason is stated in the early Utah case why

such is not the law, and, as we have seen, such is held to be the law in all of the more recent cases.

Moreover, since the case of *People v. Heller* was decided, the people of Utah have adopted a state Constitution, in which it is provided (article 1, section 13) that one accused of any crime may be prosecuted by information instead of by indictment, and the accused may, with the consent of the state, waive a preliminary examination. This court, in *State v. Gustaldi,* 41 Utah, 63, 123 Pac. 897, *State v. Sheffield,* 45 Utah, 426, 146 Pac. 306, and in *State v. Hay,* 52 Utah, 80, 172 Pac. 721, has held that the accused may not only expressly waive a preliminary hearing, but that he, in going to trial, does waive the right. If therefore one accused of crime may waive a preliminary hearing either expressly or by failing to insist upon the right, which is usually considered a substantial right, why may he not waive the mere formality of entering a plea of not guilty before going to trial?

The case of *People v. Heller,* supra, is therefore clearly out of harmony with both reason and the great weight of recent authority, and for that reason it should be, and it accordingly is, overruled.

We remark that if the defendant had been acquitted and the state should attempt to try him again for the same offense, and he should enter a plea of former acquittal, we should, without hesitation, sustain his plea; yet, if counsel's contention and the cases he relies on are sound, such a plea, even after the most exhaustive and fairest trial, would be of no avail. To so hold, it seems to us, is contrary to reason, and would in the end become a most serious reflection upon the administration of justice in criminal cases.

We desire to add that we have considered this case as though no plea had been entered; that is, as though that formality had been entirely omitted. We make this explanation for the reason that the state's attorney contended at the hearing that the district court was not without jurisdiction in receiving and entering the plea in this case.

It is next contended that the court erred in refusing defendant's request to charge on the plea of self-defense. There

is no merit to this contention. The court's instruction on that subject clearly reflected the law. Nor is the contention tenable that the court erred in its instruction when it told the jury when and under what circumstances the killing of a human being is either justifiable or excusable. What counsel complains of in that regard is that the court, in the instruction, set forth all of the different grounds of justification and excuse contained in the statute. While it is true that some of those grounds might have been omitted, yet we cannot conceive how the fact that the whole statute was copied by the court in its instruction could have misled the jury or could have prejudiced the defendant. Neither has counsel made it appear how such was the case.

It is further contended that the court erred in overruling defendant's motion for a new trial. Counsel, as one ground of his motion for a new trial, alleged that the jury had been guilty of misconduct in separating during the trial, and that one or two of their number had conversed with some person other than the bailiff who had them in charge. This ground was supported by three affidavits, from the statements of which it was possible to infer that one or two of the jurors had been guilty of misconduct. Those affidavits were, however, met by six affidavits, filed on the part of the state, which were made by the two jurors as well as by the person complained of, which latter affidavits were supported by those of three others. These affidavits fully dissipated the possible inference to which we have referred. Indeed, if the court believed the affidavits of the jurors and those of the other persons made on behalf of the state, it had no alternative save to deny the motion for a new trial upon that ground.

Finally, it is contended that the court erred in denying a new trial upon the ground that the evidence is insufficient to sustain the verdict. This contention is based upon counsel's theory of self-defense. We could subserve no good purpose in setting forth the evidence upon that question. It must suffice to say that the court was quite liberal in permitting the defendant to place before the jury

all of his evidence and to fully develop his theory of his defense. If the jury believed all that was said by one of defendant's witnesses, who, counsel contends, was the only "eyewitness" to the shooting, they were at least justified, if not required, to return a verdict of voluntary manslaughter instead of second degree murder. If the jury, however, believed the evidence of the state's witnesses, when viewed in the light of the statements of the defendant's so-called "eyewitness," including the contradictory statements such witness had made before the trial, they were fully justified in returning a verdict of second degree murder. At all events, there is ample evidence in the record to sustain such a verdict, and hence we have no right to interfere with it.

The record discloses that the defendant was ably defended, that the court's instructions cover every possible phase of the case, and that every substantial right of the defendant was safeguarded.

For the reasons stated, the conviction should stand. The judgment is therefore affirmed.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.