### STATE v. NELL et al.

No. 3671.   Decided November 10, 1921.   (202 Pac. 7.)

1.  WITNESSES—IMPEACHING EVIDENCE AS TO DEFENDANT'S LANGUAGE CONCERNING CHURCH MEMBERS HELD IMMATERIAL. In a prosecution for second degree burglary and grand larceny, court erred in permitting state to ask accused, "Didn't you at the same time say that if any more of these G—— d—— Mormons testified against you that you would be out on the hill pretty d—— quick," to which answer was, "No, sir; I did not," and in permitting the state to introduce testimony in rebuttal to the effect that accused had made such statement; such matter being immaterial.

2.  CRIMINAL LAW—NO PRESUMPTION OF PREJUDICE FROM ERROR; CONVICTION NOT REVERSED FOR ERRORS "WHICH HAVE NOT RESULTED IN A MISCARRIAGE OF JUSTICE." The presumption of prejudice from error does not obtain, and the phrase in the statute, providing that there be no reversal for errors "which have not resulted in a miscarriage of justice," means an error not affecting the substantial rights of a party, and before the court is warranted in reversing a judgment it must be satisfied that some substantial right of accused has been affected.[1]

3.  CRIMINAL LAW—ADMISSION OF EVIDENCE HELD PREJUDICIAL ERROR. In a prosecution for burglary and grand larceny, it was prejudicial error, requiring a reversal, to permit the state to ask accused, "Didn't you at the same time say that if any more of these G—— d—— Mormons testified against you that you would be out on the hill pretty d—— quick," answer to which was "No, sir; I did not," and to permit the state to introduce testimony in rebuttal to the effect that accused had

[1] *State v. Cluff*, 48 Utah, 102, 158 Pac. 701.

made such statement; evidence in the case not being so strong as to point indubitably to accused's guilt.

Appeal from District Court, Third District, Salt Lake County; *H. M. Stephens*, Judge.

Oscar Nell and Vernon J. Nell were convicted of second degree burglary and grand larceny, and the latter appeals.

REVERSED, and new trial granted.

*Stewart, Stewart & Alexander*, of Salt Lake City, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *W. Hal. Farr*, Asst. Atty. Gen., for the State.

WEBER, J.

The information charges Vernon J. Nell and his father, Oscar Nell, with second degree burglary and grand larceny. The defendants were tried jointly, and both were convicted on both counts of the information. Vernon J. Nell appeals.

Several errors are assigned, but only two of them are of any importance.

The first assignment alleges error in permitting the district attorney to ask the accused, Vernon J. Nell, upon cross-examination, the following question:

"Didn't you at the same time say that if any more of these God damn Mormons testified against you that you would be out on the hill pretty damn quick?"

The answer was: "No, sir; I did not."

The second assignment alleges error in permitting the state to introduce testimony in rebuttal to the effect that the defendant had made the statement mentioned in the question assigned as error in the first assignment. The objection to the question propounded to the defendant should have been sustained. It was wholly immaterial. It could not possibly throw any light upon any issue involved,

and could serve no other purpose than to arouse prejudice against defendant. Nor was the rebuttal evidence admissible. It is not claimed by the Attorney General that the testimony was material or relevant, but it is insisted that it did not affect the substantial rights of the defendant, and that, in order to reverse a judgment of guilty, the appellate court must be satisfied that the error complained of is prejudicial and not harmless.

We are in full accord with counsel's statement of the law and with the doctrine announced in *State* v. *Cluff*, 48 Utah, 102, 158 Pac. 701. In this jurisdiction presumption of prejudice from error does not obtain. The statute provides, for our guidance, that neither a departure from the form or mode prescribed by the Code in respect to any pleading or proceeding, nor any error or mistake therein, shall render it invalid, unless it shall actually have resulted in a miscarriage of justice. In *State* v. *Cluff, supra,* this court holds that the phrase, "which have not resulted in a miscarriage of justice," means an error not affecting the substantial rights of a party, and that before the court is warranted in reversing a judgment it must be satisfied that some substantial right of the accused has been affected, and that errors or defects shall not be presumed prejudicial. Were the evidence in this case so strong as to point indubitably to appellant's guilt we would disregard the error as harmless. But the evidence, while sufficient to warrant submission to the jury, is not such as to impress us with convincing force. Stolen wheat and flour were found on the premises of Oscar Nell, father of defendant. Footprints of some one wearing pointed shoes were seen at the place where the burglary was committed, and it was proven that appellant wore such shoes, the same kind of shoes being worn by many other young men living in the community where the burglary was committed. When the officers questioned appellant, both before and after his arrest, he became extremely garrulous and made statements that were either foolish or incriminatory, possibly both.

The defense introduced evidence tending to establish an alibi.

Omitting the profanity, and the reference to members of a particular church, the admission of the statements made by appellant would probably constitute harmless error only. They would amount to an expression of appellant's opinion that he might be convicted if the state produced more evidence against him. But that is not where the harm lies. Proof that defendant, with coarse profanity, denounced members of what is colloquially known as the Mormon Church would in all probability have a decided tendency to arouse prejudice against him in the minds of the jurors. Whether any of the jurors were Mormons or not is of no importance. Any one in this state would resent such an attack upon witnesses or upon members of a church. The question propounded to defendant was utterly indefensible. What other purpose than to arouse prejudice the prosecution had we cannot conceive. To prove the statements were made did not throw any light upon the question of defendant's guilt or innocence. Its only effect would be to lead the jury from the real issues involved and to inflame them against the accused. No hard and fast rule can be invoked as to when error is prejudicial. It depends upon the testimony and upon the circumstances of each particular case. What may be prejudicial error in a case in which the evidence for the state is not strong—in what is sometimes termed a "close case"—may be entirely harmless and without prejudicial effect when the evidence of guilt is clear and convincing.

In our opinion the admission of the testimony referred to was not only erroneous, but it was clearly prejudicial, and deprived defendant of that fair trial which the law vouchsafes to every person accused of crime. The judgment is therefore reversed, and defendant is granted a new trial.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.