## STATE v. CRAWFORD.

No. 3758. Decided April 6, 1922. (206 Pac. 717.)

1. CRIMINAL LAW —INSERTION OF WORDS IN INFORMATION BY WAY OF AMENDMENT HELD NOT PREJUDICIAL ERROR; "VIOLENTLY"; "FORCIBLY." Where an information charging robbery averred that accused made an assault on prosecuting witness while armed with a loaded revolver and "did then and there put in bodily fear and danger of his life" such prosecuting witness, and did "feloniously and violently" take from his person, etc., insertion, by way of amendment, in such information before the last-quoted words, the words "and by means of the force and fear aforesaid," even if improper, was not prejudicial error, as

increasing the offense to that of robbery, since the information, as it stood before the amendment, was sufficient to support conviction of robbery, the word "violently" being equivalent to "forcibly."

2. INDICTMENT AND INFORMATION—INFORMATION CHARGING ROBBERY HELD AMENDABLE UNDER STATUTE. Where an information charging robbery alleged an assault on prosecuting witness with a loaded revolver, putting such witness in bodily fear and danger of his life "and by means of the force and fear aforesaid," feloniously and violently stealing from the person of such witness specified articles of personal property, the insertion of quoted words by way of amendment was proper, under Comp. Laws 1917, § 8781.[1]

3. CRIMINAL LAW—ARTICLES FOUND IN POSSESSION OF ACCUSED HELD INADMISSIBLE. In a prosecution for robbery, alleged to have been accomplished by the use of a .45 Colt's revolver, a leather bag containing .32 and .38 size cartridges, found in the possession of accused some time after the commission of the robbery, was inadmissible in evidence.

4. CRIMINAL LAW—ADMISSION OF ARTICLES FOUND IN POSSESSION OF ACCUSED HELD HARMLESS ERROR. In a prosecution for robbery, committed by the use of a .45 Colt's revolver, the improper admission of evidence of a leather bag containing .32 and .38 size cartridges, found in the room occupied by defendant and which he denied belonged to him, held not prejudicial error.

5. CRIMINAL LAW—REVOLVER FOUND IN POSSESSION OF ACCUSED AFTER COMMISSION OF CRIME HELD INADMISSIBLE. A revolver found in possession of accused a month after the commission of a robbery by the use of a revolver, is inadmissible in evidence.

6. CRIMINAL LAW—RECEPTION IN EVIDENCE OF REVOLVER USED IN COMMISSION OF ROBBERY HELD NOT PREJUDICIAL ERROR. In a prosecution for robbery by the use of a revolver, the improper introduction in evidence of a revolver found in a room occupied by accused and another about a month after the robbery, was harmless error.[2]

7. WITNESSES—CROSS-EXAMINATION OF ACCUSED AS TO NATURE OF OFFENSE FOR WHICH HE WAS CONVICTED HELD PROPER. Where

[1] State v. Hay, 52 Utah, 80, 172 Pac. 721; State v. Davis, 28 Utah, 10, 76 Pac. 705; State v. Potello, 42 Utah, 396, 132 Pac. 14; State v. Rickenberg, 58 Utah, 270, 198 Pac. 767.

[2] State v. Nell, 59 Utah, 68, 202 Pac. 7.

defendant testified that he had been convicted of a felony, it was proper, on cross-examination, to show the nature of the offense for which the conviction was had, such matter being admissible as affecting the credibility of accused as a witness.

8.  WITNESSES—CROSS-EXAMINATION OF ACCUSED AS TO CONVICTION OF CRIME HELD PROPER. Where accused testified in his own behalf, it was proper on cross-examination to ask him whether he had not been convicted of burglary, though an appeal was taken from such conviction and a reversal followed.[3]

9.  CRIMINAL LAW—EXCLUSION OF EVIDENCE AS TO FACT AMPLY SUPPORTED BY OTHER EVIDENCE IS HARMLESS ERROR. Exclusion of evidence as to the occurrence of a heavy fall of snow on a particular date, at a place where accused testified that he was shoveling snow at the time of the commission of the offense, was harmless error, where the existence of a heavy fall of snow at such place was clearly shown by the testimony of a superintendent of the weather bureau.

10.  INDICTMENT AND INFORMATION—EXACT TIME ROBBERY WAS COMMITTED IS IMMATERIAL. The exact time at which a robbery was committed was immaterial.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight,* Judge.

Cyril Crawford was convicted of robbery, and he appeals.

AFFIRMED.

*Wm. Reger,* of Salt Lake City, for appellant.

*H. H. Cluff,* Atty. Gen., and *W. Hal Farr,* Asst. Atty. Gen., for the State.

WEBER, J.

The defendant appeals from a judgment of conviction on the charge of robbery.

R. C. Elliott, the prosecuting witness, testified that on April

---

[3] *State* v. *Crawford,* 59 Utah, 39, 201 Pac. 1030,

7, 1921, he was in his place of business in Salt Lake City and that at about 3 p. m. of said day the defendant and another entered his office, pointed a .45 Colt's automatic pistol at him and commanded him to hold up his hands . They took him into a back room, made him lie face downward on the floor, tied his hands and feet, and gagged him; took about $15 he had in his pockets, his watch, keys, and rings; searched the office in which nothing of value was found by them, and, upon departing, locked the doors, leaving Elliott on the floor of the back room bound and gagged. It was a bright day, the sun was shining into the office. Neither of the men wore a mask. The defendant stood in front of Elliott, holding the gun and pointing it at him. Upon being shown an automatic .45 Colt's pistol that was later admitted in evidence, the witness said it was the same kind of a revolver that the defendant pointed at him at the time of the robbery. A few days after the robbery, Mr. Elliott recovered his watch from a pawn shop. On May 17, 1921, the officers arrested Crawford, together with one Austin, at their room at a hotel in Salt Lake City. Elliott saw the defendant at the police station some time after May 17th and identified him as one of the men who had committed the robbery.

Error is assigned upon the court's permitting the district attorney to insert in the information the words "and by force and fear," contending this was reversible error, because it made the charge that of robbery when, without such words inserted by way of amendment, robbery had not been charged.

Including the inserted words, which are in italics and in parenthesis, the information charges:

"That the said Cyril Crawford at Salt Lake county, state of Utah, on the 7th day of April, 1921, did willfully, unlawfully, feloniously, while being armed with a certain deadly weapon, to wit, a revolver, called a .45 Colt's, loaded with gunpowder and leaden bullets, in and upon one R. C. Elliott, make an assault on him, the said R. C. Elliott did then and there put in bodily fear and danger of his life, and against the will and consent of the said R. C. Elliott (*and by means of the force and fear aforesaid*), then and there feloniously and violently did steal, take, and carry away from the person, possession, and immediate presence of the said R. C. Elliott, one watch, one ring, one knife, and fifteen dollars ($15.00) in silver, all of the

value of fifty dollars ($50.00) lawful money of the United States of America, the same being then and there the personal property of the said R. C. Elliott."

Without the amendment, the complaint charged the crime of robbery.

"Then and there put in bodily fear and danger of his life, and against the will and consent of the said R. C. Elliott, then and there feloniously and violently did steal, take and carry away from the person, * * *"

—charges that the robbery was committed by means of both force and fear. "Put in bodily fear" certainly charges fear as a means, and "violently" is the equivalent of "forcibly." The information is clearly sufficient as charging robbery. The amendment was unnecessary, but there was **1, 2** no error in its allowance. The statute expressly provides for such amendments by leave of court, in any matter of form or substance. Comp. Laws Utah 1917, § 8781; *State* v. *Hay*, 52 Utah, 80, 172 Pac. 721.

*State* v. *Davis*, 28 Utah, 10, 76 Pac. 705; *State* v. *Potello*, 42 Utah, 396, 132 Pac. 14; and *State* v. *Rickenberg*, 58 Utah, 270, 198 Pac. 767, relied upon by appellant, are not applicable in this case. In *State* v. *Davis*, the information charged larceny from the person, and nothing more, because it did not charge in any manner that property was taken from the person of the victim by force or fear. Nor do the Potello and Rickenberg cases support appellant's contention.

At the time of appellant's arrest, in his room at the hotel, on May 17th, there was found, under the bed in a hand grip claimed by Austin, a black leather bag of cartridges, size .32 and .38. An automatic .45 Colt's revolver was found in the room under the dresser. The bag containing cartridges, and the cartridges taken from the Colt's revolver, and the revolver itself, were admitted in evidence over the objections of appellant's counsel. The leather bag and the .32 and .38 size cartridges were inadmissible, but their admission could not in this case constitute prejudicial error.

Defending the admission of the Colt's revolver as an exhibit, the Attorney General says that "tools and implements used in the commission of robbery and found in the possession

or under the control of the defendant are admissible in evidence,'' which is doubtless a correct statement of the general rule. In this case, the revolver was found in a room, occupied by defendant and another, 40 days after the crime was committed. The defendant denied that it belonged to him or that it had ever been in his possession. Suppose, however, that it had been found in the exclusive possession of the defendant. How would that tend to connect him with the crime? In *State* v. *Kehr*, 133 Iowa, 35, 110 N. W. 149, the headnote, which correctly reflects the opinion of the court reads:

<span style="margin-left:2em">**3, 4**</span>

"The simple fact that defendant had a revolver in his possession some two months after the burglary was committed, was not competent evidence for the purpose of connecting him with the crime, even though it appeared that the person committing the burglary had a revolver."

Though we think it was error to admit the revolver in evidence it does not follow that the error must result in a reversal of the judgment. In this jurisdiction, presumption of prejudice from error does not obtain. Unless we are convinced from an examination of the evidence that an error has actually resulted in a miscarriage of justice, such error must be disregarded. *State* v. *Nell*, 59 Utah 68, 202 Pac. 7. We do not see how this evidence could have impressed the jury as having any probative force, nor how a different verdict could have been returned by the jury, had it been held inadmissible by the court. Without objection, the arresting officer had testified to finding the revolver in the room occupied by the defendant and his companion. Introducing the revolver in evidence added nothing to the case presented by the prosecution, and was both needless and harmless.

<span style="margin-left:2em">**5, 6**</span>

The defendant testified on his own behalf, and, in response to an interrogatory by his counsel, answered that he had been convicted of a felony. On cross-examination by the district attorney, defendant was asked what was the charge on which he had been convicted. To this question his counsel objected, on the ground of irrelevancy and immateriality. Defendant answered that the conviction was for robbery. It

is argued that the statute of Utah requires that "a witness must answer the fact as to a conviction for felony," and that, when that question has been answered, the demands of the statute have been met. *State* v. *Gottfreedson*, 24 Wash. 398, 64 Pac. 523, and *State* v. *Strodemier*, 40 Wash. 608, 82 Pac. 915. The weight of authority, and, we think, the better reasoning, is that the jurors are entitled to know of what particular felony a witness has been convicted. The evidence of conviction is admissible for the purpose of affecting the credibility of the witness. Some crimes involve a greater degree of moral turpitude than others. Some felonies are more heinous than others. Some convictions on felony charges affect the credibility of witnesses much more than others. 40 Cyc. 2610 (b) with cases cited; *McDaniel* v. *State*, 8 Okl. Cr. 209, 127 Pac. 358.

The appellant was asked on cross-examination whether he had recently been convicted of burglary, in the same court in which he was then being tried. An objection was interposed, on the ground that the case referred to had been appealed to the Supreme Court "and is, therefore, not a conviction." The court overruled the objection and defendant answered that he had recently been convicted of burglary. According to some decisions, it is improper to cross-examine as to a conviction from which an appeal is pending. *Jennings* v. *State*, 55 Tex. Cr. 147, 115 S. W. 587. Counsel also cites *Vinsant* v. *Vinsant*, 49 Iowa, 639, and *Rivers* v. *Rivers*, 60 Iowa, 380, 14 N. W. 774, but in *Hackett* v. *Freeman*, 103 Iowa, 296, 92 N. W. 528, it was held that the rule laid down in those cases does not apply in criminal cases. The weight of authority supports the rule, as stated in 40 Cyc. 2611:

"The pendency of an appeal from a conviction of crime does not preclude the showing of such conviction as bearing on the credibility as a witness of the person convicted."

In the instant case, the judgment of conviction, from which defendant's appeal was pending at the time he was testifying, was later reversed by this court, who held that "the court ought to have directed a verdict of acquittal." *State* v. *Crawford*, 59 Utah 39, 201 Pac. 1030.

In *Latikos* v. *State,* 17 Ala. App. 655, 88 South. 47, the state was permitted, over defendant's objection, to show by him that he had formerly been convicted of receiving stolen property.   In the course of the opinion, the court says:

"This testimony was permissible for the purpose of affecting his credibility as a witness only, and the fact that there was an appeal pending from the judgment of former conviction did not render his testimony incompetent. *Viberg* v. *State,* 138 Ala. 100, 35 South. 53, 100 Am. St. Rep. 22.  By a reversal of the judgment appealed from only could this burden upon his testimony be removed.  And, while it cannot affect the ruling of the court complained of, this court judicially knows that the said former judgment of conviction was on a subsequent day reversed and remanded by this court."

To the same effect is *Manning* v. *State,* 7 Okl. Cr. 367, 123 Pac. 1029.

In our opinion, the court's ruling was not erroneous.

It is argued that the court erred in sustaining an objection to a question asked witness Ball, as to when the heaviest snowstorm occurred in Pocatello, between February 18 and May 13, 1921.

It is claimed by appellant's counsel that the question was material, because appellant testified that he was in Pocatello, Idaho, on April 5th, and 6th, when a severe snowstorm occurred, and that he was in Pocatello all the time from April 4th till May 4, 1921.  A written stipulation between counsel for state and defendant was introduced in evidence to the effect that a man shoveled snow for a Mrs. Coffin and a Mrs. Franklin at Pocatello, Idaho, during the spring of 1921, the exact date being unknown, neither of the women being able to identify the man who was so employed.   The stipulation described in detail the work done and the time it took, which corroborated the testimony of appellant, who testified that he worked for the women shoveling snow on April 6, 1921.  The weather reports had been introduced before that, and the greatest precipitation at Pocatello, during April, 1921, was shown to have been on April 5, 1921.  J. C. Alter, superintendent of the weather bureau, testified that the temperature at Pocatello, on April 5th, indicated unquestionably that there was a snowfall that day of a foot or more.   At the

most, Mr. Ball's testimony was cumulative and directed to a fact that had been established beyond all doubt. It is obvious that the exclusion of Ball's testimony could not constitute prejudicial error and that its admission would not have changed the result.

Complaint is made that the court did not correctly instruct the jury regarding the appellant's defense of alibi. After informing the jury what is meant by the defense of alibi, the court said:

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of defendant at 44 North Third West Street, in Salt Lake City, on or about the 7th day of April, 1921, at the time of the alleged robbery, then you will acquit the defendant."

No exception was taken to this or any other instruction given by the court. There was some evidence that Mr. Elliott may have been robbed on April 6, 1921, and not on April 7th, as he testified. The exact time was not material. *State* v. *Moore*, 41 Utah, 247, 126 Pac. 322, Ann. Cas. 1015C, 976; *People* v. *Wright*, 11 Utah, 41, 39 Pac. 477.

The evidence clearly establishes appellant's guilt. Any error that may have been committed by the court did not deprive defendant of any substantial right and did not result in a miscarriage of justice.

The judgment is affirmed.

CORFMAN, P. J., and GIDEON, THURMAN, and FRICK, JJ., concur.